# EXHIBIT A

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Settlement Agreement") is entered into this 28th day of June 2024, by and between Jason Humble ("Humble ") and David J. Kovacs ("Kovacs"). Humble and Kovacs are referred to, jointly, as the "Parties" individually as a "Party." and

**W I T N E S S E T H:**

**WHEREAS,** Humble is a resident of the State of Texas;

**WHEREAS,** Kovacs is a resident of the State of New York;

**WHEREAS,** on or about May 2, 2024, Humble filed a lawsuit against Kovacs in the United States District Court for the Southern District of New York entitled *Humble v. Kovacs* under Case No. 1:24-cv-03404-MMG (the "Lawsuit");

**WHEREAS,** Kovacs' time to answer or otherwise respond to the Lawsuit was extended on consent until July 8, 2024 and Kovacs would have the ability to, amongst other things, contest the allegations of the Lawsuit, assert affirmative defenses, and raise counterclaims against Humble;

**WHEREAS,** the Parties have engaged in settlement negotiations through counsel pursuant to which they have reached agreement upon the terms of a settlement under which they have resolved the claims by and against each other without the need to continue the Lawsuit;

**WHEREAS,** the Parties have set forth the terms of their settlement in this Settlement Agreement;

**NOW, THEREFORE,** in full and final consideration of the mutual covenants and promises contained herein, and to avoid unnecessary ongoing litigation, and without admission of any liability on behalf of any Party, it is hereby agreed by and between the Parties as follows:

1. SETTLEMENT / EFFECTIVE DATE

This Settlement Agreement memorializes the terms and conditions of the settlement reached between the Parties. The terms and conditions agreed upon herein are effective as of the date of the last signature affixed hereto ("Effective Date"). The releases granted herein are subject to the Parties' compliance in all material respects with their obligations hereunder.

2. GENERAL MUTUAL RELEASES

A. The term "Claims" as used in Section 2 and all its subparagraphs shall include any right, demand, action, lawsuit and/or cause of action, whether at law or in equity, whether sounding in tort, contract, equity, negligence, strict liability, fraud, misrepresentation, conversion, breach of fiduciary duty, defamation, contribution, indemnification, intentional or wanton misconduct and/or any other statutory,

regulatory, administrative or common law theory and/or cause of action of whatsoever kind.

B. Each Party understands that he may later discover Claims or facts that may be different from, or in addition to, those that he or any other Party now knows or believes to exist regarding the subject matter of the release contained in this Section, and which, if known at the time of signing this Settlement Agreement, may have materially affected this Settlement Agreement and such Party's decision to enter into it and grant the release contained in herein. Nevertheless, the Parties intend to fully, finally, and forever settle and release all claims that now exist, may exist, or previously existed, as set out in the release contained herein, whether known or unknown, foreseen or unforeseen, or suspected or unsuspected, and the release given herein is and will remain in effect as a complete release, notwithstanding the discovery or existence of such additional or different facts. The Parties hereby waive any right or claim that might arise as a result of such different or additional claims or facts.

C. HUMBLE: In consideration of the Mutual Releases and other terms as set forth herein, Humble, on behalf of himself and his successors, heirs, relatives, assigns, executors, and administrators, hereby irrevocably and unconditionally, knowingly and voluntarily, forever releases and discharges Kovacs and his successors, heirs, relatives, assigns, executors, and administrators from any and all liability for any and all Claims from the beginning of time until the Effective Date of this Settlement Agreement relating to or arising in any way out of the allegations asserted, or which could have been asserted, by Humble (whether known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or not asserted) in the Lawsuit; provided, however, that nothing in this release shall be construed to release Humble's right to enforce his rights under this Settlement Agreement.

D. KOVACS: In consideration of the Mutual Releases and other terms as set forth herein, Kovacs, on behalf of himself and his successors, heirs, relatives, assigns, executors, and administrators, hereby irrevocably and unconditionally, knowingly and voluntarily, forever releases and discharges Humble and his successors, heirs, relatives, assigns, executors, and administrators from any and all liability for any and all Claims from the beginning of time until the Effective Date of this Settlement Agreement relating to or arising in any way out of the allegations asserted, or which could have been asserted, by Kovacs (whether known or unknown, suspected or unsuspected, accrued or unaccrued, asserted or not asserted) in the Lawsuit; provided, however, that nothing in this release shall be construed to release Kovacs' right to enforce his rights under this Settlement Agreement.

3. COUNSEL FEES

As between each other, the Parties shall bear their own fees and costs (including, but not limited to, attorneys' fees, filing fees, and other costs of suit) in connection with the Lawsuit and negotiation of this Settlement Agreement.

4. NO ADMISSION OF LIABILITY

The Parties acknowledge that this Settlement Agreement has been executed as a compromise and settlement of disputed claims between the Parties. Neither this Settlement Agreement nor the actions taken pursuant hereto shall constitute a determination of the validity or invalidity of the allegations set forth or which could have been set forth in the Lawsuit, nor do they constitute an acknowledgment or admission of liability on the part of any Party for any matter or precedent upon which liability may be assessed. Moreover, neither the existence of this Settlement Agreement nor any of the provisions hereof shall be offered or received in evidence in any litigation or proceeding as an admission or concession of liability or wrongdoing of any nature on the part of any of the Parties hereto or as an admission or concession by any of the Parties hereto concerning the merits of any claim or defense asserted in or which could have been asserted in the Lawsuit. However, nothing in this paragraph shall preclude any Party from introducing this Settlement Agreement in any litigation or proceeding seeking the enforcement of any of its terms.

5. COUNSEL FEES FOR ENFORCING THE SETTLEMENT

In any litigation or other proceeding seeking to enforce a Party's rights under this Settlement Agreement, the prevailing Party shall be entitled to an award reimbursing such Party for all reasonable counsel fees and costs incurred in connection with that litigation or other enforcement proceeding.

6. NON-DISPARAGEMENT

The Parties agree that they will not make any statements that materially disparages or may be interpreted to disparage any other Party with respect to any matter whatsoever. Violation of this provision shall be deemed to be a breach of this Settlement Agreement.

7. REPRESENTATIONS AND WARRANTIES

Each Party represents and warrants that he:

a. Has the authority to execute this Settlement Agreement and that execution and delivery of this Settlement Agreement has been duly and validly authorized;

b. Has not: (i) transferred, assigned or conveyed, (ii) agreed to transfer, assign or convey, or (iii) taken any action that would cause there to be transferred, assigned, or conveyed, at any time to any other entity, in whole or in part, any claim released by or otherwise subject to this Settlement Agreement and any interest therein;

c. Has determined that settlement of the Litigation between the Parties on the terms set forth in this Settlement Agreement is fair and reasonable under all the circumstances and that this determination has in part been based upon his independent judgment after consulting with his legal counsel, and in making this determination, he had an adequate opportunity to discuss and assess the merits of his claims and potential claims;

d. Has been represented by counsel throughout the Lawsuit and negotiations resulting in this Settlement Agreement and each Party is fully satisfied with his legal representation; and

e. No fact, event, evidence, circumstance or transaction relating directly or indirectly to the Lawsuit, or which could have been asserted in the Lawsuit, or which may hereafter be discovered, shall affect the final and unconditional nature of this settlement and the covenants set forth in this Settlement Agreement.

8. BINDING AGREEMENT

This Settlement Agreement shall be binding upon, and inure to the benefit of, all Parties, their successors, heirs, relatives, assigns, executors, and administrators.

9. NO THIRD-PARTY BENEFICIARIES

Nothing contained in this Settlement Agreement is intended to give or shall give to anyone any third-party beneficiary rights.

10. ENTIRE AGREEMENT

This Settlement Agreement, including and incorporating **Exhibits A-B** attached hereto, contains the entire agreement between the Parties hereto. The terms of this Settlement Agreement, are contractual and may not be modified, orally or otherwise, except by a written instrument executed by each Party.

11. NO CONSTRUCTION AGAINST ANY PARTY

Each of the Parties participated through counsel of his choice in the drafting of this Settlement Agreement and it shall be deemed as jointly drafted. Therefore, the language of this Settlement Agreement shall not be construed in favor of or against any Party hereto.

12. GOVERNING LAW AND JURISDICTION

This Settlement Agreement is deemed entered into in the State of New York, and shall be construed and interpreted in accordance with the laws of the State of New York without regard to principles of conflicts of law. The Parties hereby irrevocably and unconditionally submit themselves to the jurisdiction of courts venued in the State of New York for the purpose of enforcing this Settlement Agreement.

13. COUNTERPARTS

This Settlement Agreement may be signed electronically or by hand in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

**IN WITNESS HEREOF,** the Parties to this Settlement Agreement affix their signatures as follows:

**JASON HUMBLE**

Date: 6/29/2024

**DAVID J. KOVACS**

Date: 06/28/24