**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID KOVACS, RUSSELL ALESI, JULIAN
DUCHEINE and DEMIAN LICHTENSTEIN,

               Plaintiffs,

      v.

DAVID MORADI, DR. CARR BETTIS, JASON
HUMBLE, JAMIL TAHIR, JAMES HAWKINS,
DR. KATHERINE FLEMING, TONY COELHO,
KELLY GEORGEVICH, JAMES SPOLAR,
MALONEBAILEY LLC, AUDIOEYE, INC. and
JOHN DOE 1-50,

               Defendants,

     and

ETERNAL SOURCES TECH PARTNERS LLC,
FIRST CONTACT ENTERTAINMENT, INC.,
FORMULUS BLACK, INC.,

               Nominal Defendants.

---

**Case No. 25-CV-10336**

 

**DEFENDANTS AUDIOEYE, INC. AND DAVID**
**MORADI'S OPPOSITION TO PLAINTIFFS'**
<u>**MOTION FOR PRELIMINARY INJUNCTION**</u>

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................1

BACKGROUND ..........................................................................................................2

ARGUMENT................................................................................................................3

I.      PLAINTIFFS CANNOT ESTABLISH IRREPARABLE HARM.....................................4

II.     PLAINTIFFS HAVE NO CHANCE OF SUCCEEDING ON THE MERITS ...................6

III.    THE EQUITIES WEIGH HEAVILY AGAINST INJUNCTIVE RELIEF ........................8

IV.     IF THE COURT GRANTS INJUNCTIVE RELIEF, IT SHOULD IMPOSE A
        SUBSTANTIAL BOND...................................................................................10

CONCLUSION...........................................................................................................10

i

# TABLE OF AUTHORITIES

**Page**

## Cases

*AudioEye, Inc. v. Kovacs*,
No. 2024-006401-CA-01 (Fla. 11th Cir. Ct. Jan. 12, 2026)................................................9, 10

*Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*,
110 F.4th 106 (2d Cir. 2024) ...........................................................................................6

*Berni v. Int'l Gourmet Rests. of Am., Inc.*,
838 F.2d 642 (2d Cir. 1988)..............................................................................................7

*Cellucci v. O'Leary*,
2021 WL 242806 (S.D.N.Y. Jan. 25, 2021) .......................................................................7

*Citibank, N.A. v. Citytrust*,
756 F.2d 273 (2d Cir. 1985)..............................................................................................4

*Coscarelli v. ESquared Hosp. LLC*,
364 F. Supp. 3d 207 (S.D.N.Y. 2019)...........................................................................4, 5

*Dolce v. Certified Luxury Motors*,
2025 WL 1198833 (S.D.N.Y. Apr. 11, 2025).....................................................................5

*Est. of Lennon by Lennon v. Screen Creations, Ltd.*,
939 F. Supp. 287 (S.D.N.Y. 1996) ...................................................................................9

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
559 F.3d 110 (2d Cir. 2009)..............................................................................................4

*Gesualdi v. Reid*,
198 F. Supp. 3d 211 (E.D.N.Y. 2016) ...............................................................................5

*Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*,
2021 WL 535485 (S.D.N.Y. Feb. 12, 2021).......................................................................9

*Howell v. New York Post Co., Inc.*,
81 N.Y.2d 115 (1993) .......................................................................................................8

*In re Hunter*,
4 N.Y.3d 260 (2005) .........................................................................................................6

*Interlink Int'l Fin. Servs., Inc. v. Block*,
145 F. Supp. 2d 312 (S.D.N.Y. 2001)...............................................................................10

*Kovacs v. AudioEye, Inc., et al.*,
    Index No. 651810/2024, Dkt. No. 13 (June 26, 2024)..................................................6

*Livery Round Table, Inc. v. New York City FHV & Limousine Comm'n*,
    2018 WL 1890520 (S.D.N.Y. Apr. 18, 2018)........................................................4

*Paramount Pictures Corp. v. Allianz Risk Transfer AG*,
    31 N.Y.3d 64 (2018) ......................................................................................6

*Poor for & on Behalf of N.L.R.B. v. Parking Sys. Plus, Inc.*,
    162 F.4th 335 (2d Cir. 2025) ..........................................................................3

*Ret. Sys. v. Deloitte & Touche LLP*,
    919 F. Supp. 2d 321 (S.D.N.Y. 2013) (Oetken, J.)..............................................8

*Russell v. N.Y.U.*,
    42 N.Y.3d 377 (2024) ....................................................................................6

*Sandoz Inc. v. Cediprof, Inc.*,
    20 Civ. 5568, 2020 WL 4482634 (S.D.N.Y. Aug. 3, 2020) ..................................3

*Shabbouei v. Potdevin*,
    2020 WL 1609177 (Del. Ch. Apr. 2, 2020) ........................................................7

*Starbucks Corp. v. McKinney*,
    602 U.S. 339 (2024).......................................................................................3

*Stokely-Van Camp, Inc. v. Coca-Cola Co.*,
    646 F. Supp. 2d 510 (S.D.N.Y. 2009).................................................................9

## Other Authorities

Fed. R. Civ. P. 23.1................................................................................................7

Fed. R. Civ. P. 65..................................................................................................10

Fed. R. Civ. P. 9....................................................................................................8

Local Civil Rule 7.1..............................................................................................11

Local Civil Rule 4.................................................................................................11

Defendants AudioEye, Inc. ("AudioEye") and David Moradi submit this opposition to Plaintiffs' David Kovacs, Russell Alesi, Julian Ducheine, and Demian Lichtenstein's Motion for Preliminary Injunction (ECF No. 2).

## PRELIMINARY STATEMENT

This is the third lawsuit filed by Plaintiff David Kovacs challenging his termination from AudioEye in January 2024 after the company learned he lied about his qualifications and defamed the company's CEO, Mr. Moradi. Mr. Kovacs' prior two suits were both dismissed—the first on the merits, and the second based on collateral estoppel. In his current lawsuit, Mr. Kovacs repackages the same claims yet again, escalating an employment dispute into a nearly 1,200-page civil RICO complaint (including attachments) (the "Complaint" or "Compl.") that seeks hundreds of millions of dollars in damages. For the reasons detailed in Plaintiffs' separately filed motion to dismiss (the "Motion to Dismiss"), Plaintiffs' latest Complaint has numerous defects and should be dismissed.

Defendants AudioEye and Mr. Moradi file this separate brief to oppose Mr. Kovacs' motion for preliminary injunctive relief. The Court already denied Mr. Kovacs' request for a temporary restraining order at a hearing on December 17, 2025, and Mr. Kovacs' request for a preliminary injunction should be denied on the same grounds.

- *First*, the Court has already held that Mr. Kovacs has failed to establish irreparable harm in the absence of injunctive relief, including because he waited nearly two years to seek relief over an alleged murder-for-hire plot. *See* TRO Hr'g Tr. at 15:8-13; 17:20-18:3 (Dec. 17, 2025), ECF No. 13 ("TRO Hr'g Tr."). Nothing in the record has changed that would support any different result now.

- *Second*, the Court has already held that Mr. Kovacs cannot establish a likelihood of success on the merits, including because he faces "a substantial res judicata issue," and because "there are plausibility issues with a lot of this story." TRO Hr'g Tr. at 17:14-19, ECF No. 13. As detailed in Defendants' separately filed Motion to Dismiss, the Complaint suffers numerous additional defects as well. Among other things, Plaintiffs do not have standing to bring derivative claims, their RICO claim fails to allege any coherent enterprise, and their securities fraud claim fails to meet basic pleading requirements.

1

- *Third*, the equities overwhelmingly favor Defendants. Mr. Kovacs is a serial litigator who has now pursued the same claims and allegations against Defendants in three actions, even after the first two were dismissed. And a Court in Florida, where Mr. Kovacs is facing a claim for punitive damages because of his defamation of Mr. Moradi, has already found the evidence of Mr. Kovacs' malice and bad faith "compelling."

The record is no better for Plaintiffs now than when the Court denied their motion for a temporary restraining order, and a preliminary injunction should be denied as well.

## BACKGROUND

This is the third action Mr. Kovacs has filed against AudioEye and Mr. Moradi.[1] His first action, filed in New York State court and asserting claims of retaliatory discharge and intentional infliction of emotional distress, was dismissed with prejudice in January 2025. Compl., Ex. 83 (*Kovacs I* Dismissal) at 7. His second action, also filed in New York State court and also seeking relief in connection with his termination from AudioEye, was dismissed in October, 2025. Compl., Ex. 84 (*Kovacs II* Dismissal) at 3. And just two months later, in December 2025, he filed this action (together with three co-plaintiffs), in the form of a 118-page 12-Count complaint, with 1,200 pages of exhibits, that reads less like a legal pleading and more like a conspiracy theory manifesto, replete with allegations of "murder plots," "lawfare," and "witness tampering." Compl. ¶¶ 5, 8, 110, 123, 151, 161, 165. At bottom though, the current Complaint advances the same factual theory Mr. Kovacs pursued unsuccessfully twice in State Court—that he was a "whistleblower" who was fired in "retaliation" for reporting a purported "pump-and-dump" securities fraud scheme at AudioEye. Compl. ¶¶ 17, 26-41, 136.

Together with their Complaint in this action, Plaintiffs filed an Order to Show Cause seeking a temporary and preliminary injunction that would, among other relief, enjoin Defendants

---

[1]  Defendants provide a more comprehensive background discussion in their Motion to Dismiss, and offer only a brief summary here for the Court's convenience.

from "witness intimidation or retaliation, spoliation of evidence, and impairment of the Court's ability to adjudica[te] this action on a complete and reliable record." *See* Proposed Order to Show Cause at 1 (Dec. 15, 2025), ECF No. 2-10; Compl. ¶¶ 142-155. The Court convened a hearing on December 17, 2025 to address the portion of Plaintiffs' motion seeking a temporary restraining order, and, following full briefing and oral argument, denied relief. Order Denying Motion for TRO (Dec. 17, 2025), ECF No. 10. The Court observed that the requested injunctive relief—*i.e.*, enjoining Defendants from retaliation, witness tampering, evidence destruction, etc.—"are things everyone is legally obligated to do anyway." TRO Hr'g Tr. at 8:5-12, ECF No. 13. The Court further held that Plaintiffs had failed to "establish likelihood of success on the merits," including because of "a substantial res judicata issue" and because "there are plausibility issues with a lot of this story." *Id*. at 17:10-19. The Court also held that, even "more importantly," Plaintiffs had failed to establish a risk of irreparable harm, including because of their two-year "delay" before "coming forward" for relief. *Id*. at 17:20-18:3.

## ARGUMENT

A party seeking a preliminary injunction must show they are "[1] likely to succeed on the merits, [2] that [they are] likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in [their] favor, and [4] that an injunction is in the public interest." *Poor for & on Behalf of N.L.R.B. v. Parking Sys. Plus, Inc.*, 162 F.4th 335, 345 (2d Cir. 2025) (citing *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024)). That is the same standard that applies for a request for a temporary restraining order. *See Sandoz Inc. v. Cediprof, Inc.*, 2020 WL 4482634, at *2 (S.D.N.Y. Aug. 3, 2020) ("The standard for a TRO is the same as the standard for a preliminary injunction."). The Court applied that standard when it denied Mr. Kovacs' prior application, and there have been no developments or changes to the record that would warrant any different result now.

3

## I.    PLAINTIFFS CANNOT ESTABLISH IRREPARABLE HARM

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009) (vacating grant of preliminary injunction) (quotation marks omitted).  Courts have repeatedly held there is no such harm where a plaintiff "delays" in seeking injunctive relief.  *See*, *e.g.*, *Coscarelli v. ESquared Hosp. LLC*, 364 F. Supp. 3d 207, 222 (S.D.N.Y. 2019) (observing that courts "typically decline to grant preliminary injunctions in the face of unexplained delays of more than two months," and denying preliminary injunction because of a one-year delay).  Indeed, courts have denied preliminary injunctions based on delays of only a few months.  *See*, *e.g.*, *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985) (reversing preliminary injunction because of a ten week delay); *Livery Round Table, Inc. v. New York City FHV & Limousine Comm'n*, 2018 WL 1890520, at *9 (S.D.N.Y. Apr. 18, 2018) (denying preliminary injunction because of three-month delay); *see also* TRO Hr'g Tr. at 7:2-5, ECF No. 13 ("I would rarely grant a TRO for something that's been going on for months, much less years on the theory that it's too late to come to court and say there is an emergency.").

As the Court already recognized, Plaintiffs have delayed far longer than that.  TRO Hr'g Tr. at 17:20-18:3 (denying Plaintiffs' motion for a TRO, among other reasons, because Plaintiffs "are alleging [this] has been going on for close to two years" but "delay[ed]" all that time before seeking relief).  Mr. Kovacs alleges Mr. Moradi instructed him to engage in stock manipulation in August 2023—over two years ago, Compl. ¶¶ 16, 135-136; that the largest purported insider sale occurred on December 4, 2024—over one year ago, Compl. ¶ 139; that he was fired from AudioEye in retaliation for "whistleblowing" in January 2024—more than two years ago, Compl. ¶ 142; and that he learned of a murder-for-hire plot against him in May 2024—over 21 months

4

ago, Compl. ¶ 165. Plaintiffs fail to identify any reason that these allegations, notwithstanding that these events occurred from one to two years ago, suddenly require an injunction now. *See Coscarelli*, 364 F. Supp. 3d at 222 (declining to find irreparable harm because plaintiff's one-year delay in bringing claims illustrated a lack of urgency and genuine emergency necessary for seeking injunctive relief). As the Court has already held, they do not.[2] TRO Hr'g Tr. at 17:20-18:3, ECF No. 13.

The Court identified another reason that Mr. Kovacs fails to identify irreparable harm that could justify injunctive relief. Specifically, the requested injunctive relief—*i.e.*, enjoining Defendants from retaliation, witness tampering, evidence destruction, etc., Proposed Order to Show Cause at 1 (Dec. 15, 2025), ECF No. 2-10—"are things everyone is legally obligated to do anyway." TRO Hr'g Tr. at 8:5-12, ECF No. 13. Courts routinely deny injunctions on that exact basis. *Dolce v. Certified Luxury Motors*, 2025 WL 1198833, at *4 (S.D.N.Y. Apr. 11, 2025), *report and recommendation adopted*, 2025 WL 1184076 (S.D.N.Y. Apr. 23, 2025) (denying TRO in RICO action because Defendants "already [were] under a legal obligation to preserve documents"); *Gesualdi v. Reid*, 198 F. Supp. 3d 211, 223 (E.D.N.Y. 2016) (denying injunction because "plaintiffs are essentially seeking to require defendant to do no more than comply with its existing obligations").

---

[2]  The absence of any imminent threat of irreparable harm is further confirmed by Mr. Kovacs' allegation that he apparently reported his concerns to the police in April 2025, with no indication that the police deemed the purported threat credible, or that they otherwise saw any need to take action to protect him. Compl. ¶¶ 151-52.

## II.    PLAINTIFFS HAVE NO CHANCE OF SUCCEEDING ON THE MERITS

For reasons detailed by Defendants in their separately filed Motion to Dismiss, which Defendants incorporate herein by reference, Plaintiffs' claims are deficient and subject to dismissal on multiple independent grounds.

*First*, the Court already identified "a substantial res judicata issue," TRO Hr'g Tr. at 17:14-19, ECF No. 13, when it denied Plaintiffs' motion for a temporary restraining order.  As detailed in Defendants' accompanying Motion to Dismiss, this is the third action by Mr. Kovacs arising out of his termination from AudioEye.  Moreover, this action, like his prior actions, is premised on allegations that he was a "whistleblower" fired in "retaliation" for reporting a purported "pump-and-dump" securities fraud scheme.  *Compar*e Compl. ¶¶ 16-29, 141-42, 195, *with* **Exhibit 1** (*Kovacs I* Compl., *Kovacs v. AudioEye, Inc., et al.*, Index No. 651810/2024, Dkt. No. 13 (June 26, 2024)) ¶¶ 26-29, 43-55.  All of his claims in this action were either already rejected in State court; could have been asserted in his prior State Court actions; or turn on issues already decided against him.  *See Beijing Neu Cloud Oriental Sys. Tech. Co. v. Int'l Bus. Machs. Corp.*, 110 F.4th 106, 114 (2d Cir. 2024) (holding that claim preclusion forbids a party from bringing claims it raised in a prior litigation, or that "could have been raised in the prior litigation") (quoting *In re Hunter*, 4 N.Y.3d 260 (2005)); *Russell v. N.Y.U.*, 42 N.Y.3d 377, 384 (2024) (holding that issue preclusion "bars the relitigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment," "even if it recurs in the context of a different claim.") (quoting *Paramount Pictures Corp. v. Allianz Risk Transfer AG*, 31 N.Y.3d 64, 72 (2018)).

*Second*, the Complaint purports to assert four derivative claims (Counts I, VI, VII, VIII), but every Plaintiff lacks standing.  The three purported derivative Plaintiffs—Mr. Kovacs, Mr.

6

Alesi and Mr. Ducheine—either fail to allege that they purchased AudioEye shares during the period of the alleged wrongdoing, or admit that they no longer hold shares.  Compl. ¶¶ 62, 64, 142.  *See Berni v. Int'l Gourmet Rests. of Am., Inc.*, 838 F.2d 642, 646 (2d Cir. 1988) ("former shareholders . . . cannot pursue a derivative action."); *Cellucci v. O'Leary*, 2021 WL 242806, at *2 (S.D.N.Y. Jan. 25, 2021) (dismissing derivative lawsuit because plaintiffs were not "shareholder[s] at the time of t[he] transaction").  Additionally, Plaintiffs made no demand on the AudioEye Board, and the Complaint includes no allegations purporting to demonstrate that such demand would have been futile.  Fed. R. Civ. P. 23.1(b)(3) (requiring that a derivative plaintiff "state with particularity … any effort by the plaintiff to obtain the desired action from the directors . . . and . . . the reasons for not obtaining the action or not making the effort"); *Shabbouei v. Potdevin*, 2020 WL 1609177, at *6 (Del. Ch. Apr. 2, 2020) ("To wrest control over the litigation asset away from the board of directors, the stockholder must demonstrate that demand on the board to pursue the claim would be futile such that the demand requirement should be excused.").

    *Third*, Plaintiffs' claims are insufficiently pled:[3]

- ***Securities Fraud (Count II)***:  Two Plaintiffs, Mr. Kovacs and Mr. Alesi, purport to assert a claim of securities fraud.  As to Mr. Kovacs, that claim is barred by res judicata based on the State court rulings in New York rejecting his allegations of an improper "pump and dump" scheme.  *See* Mot. to Dismiss at 10, 24-26 (Feb. 27, 2026), ECF No. 23.  The claim fails as to Mr. Alesi on multiple additional grounds.  First, the Complaint fails to meet the heightened pleading requirements for asserting fraud.  Indeed, it fails to identify any purportedly non-public information that any defendant purportedly traded upon, and instead relies on the kind of generalized allegations courts routinely reject.  *Iowa Pub. Emp.'s Ret. Sys. v. Deloitte & Touche LLP*, 919 F. Supp. 2d 321, 330 (S.D.N.Y. 2013) (Oetken, J.) ("A complaint asserting securities fraud must [] satisfy the heightened pleading requirement of Federal Rule of Procedure 9(b).").  Mr. Alesi (and Mr. Kovacs) also lacks

---

[3]   As detailed in Defendants' Motion to Dismiss, res judicata bars all claims asserted by Mr. Kovacs, and Plaintiffs' lack of standing and failure to plead demand futility bars all of the purported derivative claims.  The only claims left that are not subject to dismissal in their entirety on those grounds are the non-derivative claims asserted by Plaintiffs other than Mr. Kovacs.  Thus, while all of Plaintiffs' claims suffer pleading deficiencies, *see* Mot. to Dismiss at 12-19, Defendants focus specifically on those non-derivative claims in the bullet points above in text.

standing to pursue securities fraud claims in any event, as there are no allegations that he purchased shares during any relevant period.

- ***Intentional Infliction of Emotional Distress (Count X)***:  Two Plaintiffs, Mr. Kovacs and Mr. Ducheine, purport to assert a claim of intentional infliction of emotional distress.  As to Mr. Kovacs, that claim is barred by res judicata based on the State Court's dismissal of the same claim.  Compl., Ex. 83 (*Kovacs I* Dismissal) at 7.  The claim is also deficient as asserted by Mr. Ducheine.  Virtually all of the supposed sources of emotional distress, Compl. ¶ 302—*i.e.*, the alleged murder-for-hire plot and retaliatory discharge—allegedly targeted Mr. Kovacs, not Mr. Ducheine.  The only purported wrongdoing against Mr. Ducheine was the "pressure campaign" supposedly waged by AudioEye's counsel in the form of a phone call and a letter.  *Id.* ¶¶ 166-69.  Those allegations do not nearly meet the "difficult to satisfy" standard for pleading the kind of "extreme and outrageous conduct" that could support a claim.  *Howell v. New York Post Co., Inc.*, 81 N.Y.2d 115, 121-22 (1993).

- ***Common Law Torts (Count XI)***:  Mr. Lichtenstein is the sole Plaintiff asserting this claim, and he does so based on Mr. Moradi supposedly sending him a "coercive" letter and using "coercive tactics" to remove him from his position at First Contact Entertainment in 2016.  Compl. ¶¶ 68, 77, 122.  That claim is barred by, in Mr. Lichtenstein's words, a "full release," Compl., Ex. 5 (Lichtenstein Decl.) ¶ 24; and by a one-year statute of limitations.  *See* Mot. to Dismiss at 36-37 (Feb. 27, 2026), ECF No. 23 (citing authorities).

In sum, as the Court already held when it denied Plaintiffs' motion for a temporary restraining order, Plaintiffs cannot establish a likelihood of success on the merits**.**  TRO Hr'g Tr. at 17:10-13, ECF No. 13.  All of their claims are barred by res judicata, an absence of standing to assert derivative claims, and/or assorted pleading deficiencies evident throughout the Complaint.

## III.    THE EQUITIES WEIGH HEAVILY AGAINST INJUNCTIVE RELIEF

The equities weigh heavily against injunctive relief, even more so than when the Court denied a TRO two months ago.  By that time, it was already clear that Mr. Kovacs was a serial litigant who was abusing the Court process, and imposing unreasonable burdens on Defendants, by filing this action.  Indeed, as discussed above, he brought this case only after two other courts had dismissed claims based on the same underlying allegations of purported "whistleblowing" and "retaliation."  And he presents his claims in a massive 118-page Complaint, plus 1,200 pages of exhibits, filled with irrelevancies and, in the Court's words, allegations of dubious "plausibility."

*Id*. at 17:16-18.  The equities do not support rewarding Mr. Kovacs for his vexatious litigation. *See, e.g.*, *Hodnett v. Medalist Partners Opportunity Master Fund II-a, L.P.*, 2021 WL 535485, at *1 (S.D.N.Y. Feb. 12, 2021) (denying preliminary injunction because "Plaintiffs' motion borders on an abusive litigation tactic and filing.  Plaintiffs are not entitled to a preliminary injunction."); *Stokely-Van Camp, Inc. v. Coca-Cola Co.*, 646 F. Supp. 2d 510, 533-34 (S.D.N.Y. 2009) (denying preliminary injunction because "the plaintiff has engaged in the same kind of behavior that it challenges"); *Est. of Lennon by Lennon v. Screen Creations, Ltd.*, 939 F. Supp. 287, 293-94 (S.D.N.Y. 1996) (denying preliminary injunction because the Plaintiffs' conduct evidenced "bad faith").

The equities turned even further against Mr. Kovacs when the Court in Florida recently granted a motion by AudioEye and Mr. Moradi to add a claim for punitive damages in their defamation case against Mr. Kovacs.  In its Order on January 12, 2026, the Florida Court found "the evidence demonstrating Mr. Kovacs' ill will and hostility and intent to harm [Mr. Moradi and AudioEye] is unusually compelling."  **Exhibit 2** at 6 (Order Granting Pls.' Mot. to Am. Compl. to Add Claim for Punitive Damages, *AudioEye, Inc. v. Kovacs*, No. 2024-006401-CA-01 (Fla. 11th Cir. Ct. Jan. 12, 2026)).  The Court relied principally on a recorded conversation, quoting several of Mr. Kovacs' troubling comments in its written decision:

- Mr. Kovacs declared that his actions against Mr. Moradi are "**all . . . out of hate**;"

- Mr. Kovacs stated his intent to "**tear [Mr. Moradi] to shreds in every way I could.  Him and his little company, that fat little Persian f\*\*k.  Everything.  He will be at the ashes of my feet**;"

- Mr. Kovacs announced that he is "**going to do smear campaigns**" against Mr. Moradi and "**destroy that little Persian f\*\*k**;"

- Mr. Kovacs said that Mr. Moradi "**doesn't belong to be f\*\*king breathing on this f\*\*king planet**;"

9

- Mr. Kovacs declared that "**I am going to tear that f\*\*king company to shreds.  It will be a f\*\*king penny when I get done**." *Id.* at 3, 6 (emphasis added).

The Court in Florida also noted that Mr. Kovacs was "seemingly boasting of his intention to lie about Mr. Moradi, declaring that if '**you say it enough, it becomes true**.'" *Id.* at 6 (emphasis added).  These are Mr. Kovacs' own recorded words, found by a Court to "amply support a showing of [his] 'ill will,' 'hostility,' and 'intent to harm'" Mr. Moradi and AudioEye. *Id.*  The equities do not favor a Plaintiff who admits acting from "hate," lying, and orchestrating "smear campaigns" against Defendants.

## IV.   IF THE COURT GRANTS INJUNCTIVE RELIEF, IT SHOULD IMPOSE A SUBSTANTIAL BOND

The Court should not issue an injunction for all the preceding reasons.  But if Plaintiffs are granted such relief, they should be directed to post a substantial bond.  A court may issue injunctive relief "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c).  "The purpose of requiring security prior to issuance of an injunction [] is to guarantee payment of costs and damages incurred by a party who is wrongfully enjoined or restrained." *Interlink Int'l Fin. Servs., Inc. v. Block*, 145 F. Supp. 2d 312, 314 (S.D.N.Y. 2001) (citation omitted).  Plaintiffs' dubious claims, which they assert here after three other courts (two in New York and one in Florida) have considered the same underlying allegations, creates extraordinary burdens on Defendants and on the Court.  Plaintiffs should be compelled to post a substantial bond as a condition for any injunctive relief.

## CONCLUSION

For these reasons, Defendants respectfully request that Plaintiffs' Motion for Preliminary Injunction be denied.

10

Respectfully submitted,

**QUINN EMANUEL URQUHART
& SULLIVAN, LLP**

Dated: February 27, 2026
     New York, New York

By:   */s/ Adam M. Abensohn*
       Adam M. Abensohn
       Corey Worcester
       295 Fifth Avenue
       New York, New York 10016
       Telephone: (212) 849-7000
       Email: adamabensohn@quinnemanuel.com
              coreyworcester@quinnemanuel.com

*Attorneys for Defendants*
*AudioEye, Inc. and David Moradi*

11

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Adam Abensohn, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1 and Rule 4(c) of Hon. J. Paul Oetken Individual Rules and Practices in Civil Cases (the "Individual Rules"), that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 3,512 words as calculated by the application's word-counting function, excluding the parts of the Memorandum exempted by Local Civil Rule 7.1(c) and Rule 4(c) of Judge Oetken's Individual Rules.

I certify under the penalty of perjury the foregoing statements are true and correct. Executed on this 27th day of February in New York, New York.

/s/ *Adam M. Abensohn*
Adam M. Abensohn