**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

DAVID KOVACS, RUSSELL ALESI, JULIAN
DUCHEINE and DEMIAN LICHTENSTEIN,

     Plaintiffs,

  v.

DAVID MORADI, DR. CARR BETTIS, JASON
HUMBLE, JAMIL TAHIR, JAMES HAWKINS,
DR. KATHERINE FLEMING, TONY COELHO,
KELLY GEORGEVICH, JAMES SPOLAR,
MALONEBAILEY LLC, AUDIOEYE, INC. and
JOHN DOE 1-50,

     Defendants,

  and

ETERNAL SOURCES TECH PARTNERS LLC,
FIRST CONTACT ENTERTAINMENT, INC.,
FORMULUS BLACK, INC.,

     Nominal Defendants.

Case No. 25-CV-10336-JPO

**JOINDER OF DEFENDANT CARR BETTIS TO DEFENDANTS AUDIOEYE, INC. AND DAVID MORADI'S OPPOSITION TO PLAINTIFFS' MOTION FOR <u>PRELIMINARY INJUNCTION</u>**

---

PLEASE TAKE NOTICE that Defendant Carr Bettis hereby joins and adopts, in its entirety, Defendants AudioEye, Inc. ("AudioEye") and David Moradi's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction (ECF No. 29) along with the supporting Declaration of Adam Abensohn and the exhibits attached thereto (ECF Nos. 30, 30-1 & 30-2).

Plaintiffs seek a preliminary injunction enjoining Defendants from, *inter alia*, "witness intimidation or retaliation, spoliation of evidence, and impairment of the Court's ability to

adjudica[te] this action on a complete and reliable record."  ECF No. 2, 2-10.  A temporary restraining order for the same relief was denied.  ECF No. 10.

As set forth in the Complaint in this action (ECF No. 1, ¶¶ 4-12, 73-81), Bettis is alleged to be an "Enterprise Leader" along with Moradi.  He was the Executive Chairman of AudioEye, Inc. during the alleged "Rico Period."  ECF No. 1, ¶¶ 73-74.  As such, all of the arguments made on behalf of Moradi and AudioEye in the Opposition are applicable to Bettis.

The argument pertaining to irreparable harm – that Plaintiffs' delays in seeking relief demonstrate that there is no irreparable harm from denying a preliminary injunction – is applicable to Bettis.  ECF No. 29, pp. 4-5.  The alleged wrongdoing, all of which occurred one to two years ago, is essentially the same for the allegations against Bettis. ECF No. 1, ¶ 25 (Kovacs allegedly told Bettis about insider trading on January 17, 2024); ¶ 139 (alleged largest insider trade on December 4, 2024 included Bettis); ¶ 141 (Kovacs terminated January 17, 2024); ¶ 142 (alleged letter sent by Bettis on March 20, 2024 threatening "unfathomable physical harm"); ¶ 165 (alleged murder for hire plot). The argument that the requested injunctive relief should also be denied because it seeks only what defendants are already legally required to do (ECF No. 29, p. 5 is also equally applicable to Bettis.

The arguments pertaining to success on the merits are also applicable to Bettis.  ECF No. 29, pp. 6-8.  With regards to *res judicata*, the argument is applicable because Bettis was a named defendant in *David Kovacs v. AudioEye, Inc., et al.*, Index No. 651810/2024.  Complaint Ex. 83. And while not a named defendant in the second action brought by Kovacs in New York State court, Plaintiffs admit that Bettis was AudioEye's Executive Chairman and therefore in privity with AudioEye.  "Res judicata applies not only to claims 'between the same parties,' but to claims such as these, involving parties 'in privity with' parties to the original action."  *Hyman v.*

2

*Cornell Univ.*, 721 F. App'x 5, 6 (2d Cir. 2017) (quoting *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001)).  The arguments that the Complaint fails to state the elements of the alleged claims apply equally to all defendants here, as the elements of a claim must be properly alleged irrespective of the defendant.

The arguments pertaining to weighing of the equities apply to Bettis.  ECF No. 29, pp. 8-10.  Kovacs' vexatious, serial litigations have directly involved Bettis, and his threats to ruin AudioEye affect Bettis as AudioEye's former Executive Chairman.

Finally, Bettis supports the request for a bond as set forth in the Opposition.  ECF No. 29, p. 10.

For all of the reasons set forth in the Opposition, Bettis respectfully requests that the Plaintiffs' Motion for Preliminary Injunction be denied.

Dated: New York, New York
February 27, 2026

HERRICK, FEINSTEIN LLP


_____/s/ John H. Chun_____
By: John H. Chun
2 Park Avenue
New York, New York  10016
(212) 592-1400
jchun@herrick.com
*Attorneys for Carr Bettis*

3