UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID KOVACS, RUSSELL ALESI, JULIAN DUCHEINE and DEMIAN LICHTENSTEIN,

        Plaintiffs,

    v.

DAVID MORADI, DR. CARR BETTIS, JASON HUMBLE, JAMIL TAHIR, JAMES HAWKINS, DR. KATHERINE FLEMING, TONY COELHO, KELLY GEORGEVICH, JAMES SPOLAR, MALONEBAILEY LLC, AUDIOEYE, INC. and JOHN DOE 1-50,

        Defendants,

   and

ETERNAL SOURCES TECH PARTNERS LLC, FIRST CONTACT ENTERTAINMENT, INC., FORMULUS BLACK, INC.,

        Nominal Defendants.

---

Case No. 25-CV-10336-JPO

**DECLARATION OF JOHN H. CHUN**

---

**JOHN H. CHUN** hereby declares the following under penalty of perjury pursuant to 28 U.S.C. § 1746:

1. I am a member of the law firm of Herrick, Feinstein LLP, attorneys for Defendant Carr Bettis. As such I am fully familiar with the proceedings herein.

2. I submit this declaration in support of Bettis' motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1(b) dismissing with prejudice the Complaint dated and filed on

December 12, 2025 (the "Complaint") (ECF No. 1), and for such other and further relief as the Court deems just and proper.

3.     On behalf of Bettis, I hereby adopt and incorporate by reference the arguments set forth in the Declaration of Adam Abensohn, dated February 27, 2026 (ECF No. 24) and the exhibits annexed thereto (ECF Nos. 24-1thorugh 24-4), and in the Memorandum of Law of in Support of Defendants AudioEye, Inc. and David Moradi's Motion to Dismiss the Complaint dated February 27, 2026 (the "AudioEye MOL") (ECF No. 23), as if set forth fully herein.

4.     The arguments made on behalf of Defendants AudioEye, Inc. and David Moradi apply equally to Bettis, not only because the Complaint alleges that Bettis is an "Enterprise Leader" along with Moradi (ECF No. 1, ¶¶ 4-12, 73-81), and was the Executive Chairman of AudioEye, Inc. during the alleged "RICO Period," (ECF No. 1, ¶¶ 73-74), but also because plaintiffs' failure to adequately allege their purported claims as a matter of law would prohibit those claims as against any defendant.

5.     The first argument made in the AudioEye MOL is that this action is so "replete with vague, inflammatory, and sensational allegations—allegations of dubious plausibility," that dismissal is warranted.  ECF No. 23, pp. 6-7. This argument applies equally to all defendants.

6.     The next argument made in the AudioEye MOL is that this action is barred by *res judicata*.  ECF No. 23, pp. 7-12. This argument is applicable to Bettis because he was a named defendant in *David Kovacs v. AudioEye, Inc. et al.*, Index No. 651810/2024.  That lawsuit was dismissed with prejudice.  Complaint Ex. 83.  As the AudioEye MOL explains, the instant action substantially overlaps that lawsuit.  And while Bettis was not a named defendant in the second unsuccessful action brought by Kovacs in New York State court (*David Kovacs v. AudioEye, Inc. et al.*, Index No. 651191), Plaintiffs admit that Bettis was AudioEye's Executive Chairman and

therefore in privity with AudioEye. "Res judicata applies not only to claims 'between the same parties,' but to claims such as these, involving parties 'in privity with' parties to the original action." *Hyman v. Cornell Univ.*, 721 F. App'x 5, 6 (2d Cir. 2017) (quoting *Epperson v. Entm't Express, Inc.*, 242 F.3d 100, 108 (2d Cir. 2001)). In any event the second state court lawsuit was dismissed on the basis of *res judicata* of the case where Bettis was named. Complaint Ex. 84.

7.      As the Complaint alleges Bettis was the Executive Chairman of AudioEye, Inc. during the alleged "RICO Period," the next arguments made in the AudioEye MOL – that the plaintiffs derivative claims fail for failure to plead demand futility, lack of standing and lack of RICO derivative claims (ECF No. 23, pp. 12-20) – all apply equally to Bettis.

8.      Finally, the arguments that the Complaint fails to adequately allege its claims applies equally to all defendants here, as the elements of a claim must be properly alleged irrespective of the defendant.

    a.  The failure to plead a RICO enterprise or pattern of racketeering and the failure to plead RICO standing (ECF No. 23, pp. 21-24) applies to all defendants for Count I of the Complaint.

    b.  The failure to plead standing for a securities fraud claim and the failure to meet the heightened pleading standard for securities fraud (ECF No. 23, pp. 24-27) applies to all defendants for Count II of the Complaint.

    c. The failure to plead whistleblower retaliation by failing to exhaust administrative remedies, failing to make any report before the alleged retaliation and failing to allege and establish the existence of an employee benefit plan governed by ERISA (ECF No. 23, pp. 28-30) applies to all defendants for Counts III and IV of the Complaint.

d.  Kovacs' failure to plead breach of fiduciary duty by failing to allege any duty owed and by relying on an alleged breach of contract and allegations made in court filings (ECF No. 23, pp. 30-32) applies to all defendants for Count V of the Complaint.

e.  The failure to plead the elements of any derivative breach of fiduciary duty claims, unjust enrichment, malicious prosecution and intentional infliction of emotional distress (ECF No. 23, pp. 32-37) applies to all defendants for Counts VI-X of the Complaint.

f.  The statute of limitations, release and improper pleading of Lichtenstein's tort claims (ECF No. 23, pp. 37-39) applies to all defendants for Count XI of the Complaint.

g.  AudioEye's arguments pertaining to declaratory and injunctive relief and dismissal with prejudice (ECF No. 23, pp. 39-41) are applicable to Bettis.

9.  As all of the arguments set forth in the AudioEye MOL are equally applicable to Bettis, he joins in and relies upon the Declaration of Adam Abensohn, the exhibits annexed thereto, and the AudioEye MOL in support of his motion to dismiss.

I declare under the penalty of perjury that the foregoing statements are true and correct as of this 27th day of February, 2026.

HERRICK, FEINSTEIN LLP

_____/s/ John H. Chun_____
By: John H. Chun
2 Park Avenue
New York, New York  10016
(212) 592-1400
jchun@herrick.com
*Attorneys for Carr Bettis*

4