**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

DAVID KOVACS, RUSSELL ALESI, JULIAN
DUCHEINE and DEMIAN LICHTENSTEIN,

               Plaintiffs,

      v.

DAVID MORADI, DR. CARR BETTIS, JASON
HUMBLE, JAMIL TAHIR, JAMES HAWKINS,
DR. KATHERINE FLEMING, TONY COELHO,
KELLY GEORGEVICH, JAMES SPOLAR,
MALONEBAILEY LLC, AUDIOEYE, INC. and
JOHN DOE 1-50,

              Defendants,

      and

ETERNAL SOURCES TECH PARTNERS LLC,
FIRST CONTACT ENTERTAINMENT, INC.,
FORMULUS BLACK, INC.,

              Nominal Defendants.

Case No. 25-CV-10336-JPO

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**<u>DEFENDANT CARR BETTIS'S MOTION TO DISMISS THE COMPLAINT</u>**

HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, New York  10016
(212) 592-1400

Defendant Carr Bettis respectfully submits this reply memorandum of law in further support of his motion for an Order pursuant to Fed. R. Civ. P. 12(b)(6) and 23.1(b) dismissing with prejudice the Complaint dated and filed on December 12, 2025 (the "Complaint") (ECF No. 1), and for such other and further relief as the Court deems just and proper.

Bettis hereby adopts and incorporates by reference the arguments set forth in the Reply Memorandum of Law of in Further Support of Defendants AudioEye, Inc. and David Moradi's Motion to Dismiss the Complaint dated April 23, 2026 (ECF No. 50), as if set forth fully herein. As demonstrated in the February 27, 2026 Declaration of John H. Chun (ECF No. 33), the arguments made by AudioEye and Moradi apply to Bettis.

In footnote1 of their opposition to the motion to dismiss of defendants Moradi and AudioEye, Plaintiff's claim that by adopting the memorandum of law submitted by Moradi and AudioEye, rather than submitting his own memorandum, Defendant Bettis, somehow failed to argue that the Complaint did not adequately state claims against him personally.  Plaintiffs say that because the complaint alleged that Bettis "functioned as the Enterprises governance stabilizer,"  suppressed whistleblower complaints, directed Kovacs' removal from ESTP and was identified as the "top man" in a plot to solicit "violence against Kovacs,"  the arguments made in the Memorandum of law submitted by Moradi and AudioEye do not suffice to address the allegations against Bettis.  ECF No. 41.  Plaintiffs are wrong.

Putting aside the fact that, like so much of the Complaint here, "governance stabilizer" is gibberish made up by Plaintiffs and their counsel, the fact that there are some allegations relating solely to Bettis does not mean that every claim in the Complaint against Bettis was not addressed by the memorandum of law submitted by Moradi and AudioEye.  In fact, all of the claims against Bettis were shown to fail as a matter of law because all of the arguments made by

defendants Moradi and AudioEye were applicable to Bettis.   That there were four different factual allegations regarding Bettis does not make the arguments relating to improper pleading, res judicata, demand futility or standing any less applicable to Bettis.  Indeed, the allegations solely against Bettis pertaining to Eternal Sources Tech Partners were raised in the first New York State action (ECF No. 24-1, ¶¶ 51-54 (referred to as "Kovacs I")) and are barred by res judicata, as the AudioEye/Moradi motion makes clear.  Likewise, the failure to plead a RICO enterprise, pattern of racketeering or RICO standing is unaffected by the few different factual allegations regarding Bettis (that he was the "top man") and apply equally as a matter of law to dismiss those claims as against Bettis, as do the arguments pertaining to the securities law claims.  All of the arguments apply equally to Bettis and all claims against him should be dismissed.

For all of the foregoing reasons, Bettis respectfully requests that his motion to dismiss be granted.

Dated: New York, New York
        April 23, 2026

HERRICK, FEINSTEIN LLP


            */s/ John H. Chun*
By: John H. Chun
2 Park Avenue
New York, New York  10016
(212) 592-1400
jchun@herrick.com
*Attorneys for Carr Bettis*

2