**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DAVID KOVACS, RUSSELL ALESI, JULIAN DUCHEINE and DEMIAN LICHTENSTEIN, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MORADI, DR. CARR BETTIS, JASON HUMBLE, JAMIL TAHIR, JAMES HAWKINS, DR. KATHERINE FLEMING, TONY COELHO, KELLY GEORGEVICH, JAMES SPOLAR, MALONEBAILEY LLC, AUDIOEYE, INC. and JOHN DOE 1-50, <br><br> Defendants, <br><br> and <br><br> ETERNAL SOURCES TECH PARTNERS LLC, FIRST CONTACT ENTERTAINMENT, INC., FORMULUS BLACK, INC., <br><br> Nominal Defendants. | **Case No. 25-CV-10336** <br><br> **(ORAL ARGUMENT REQUESTED)** |

**REPLY MEMORANDUM OF LAW IN SUPPORT**
**OF DEFENDANTS AUDIOEYE, INC. AND DAVID**
**MORADI'S MOTION FOR RULE 11 SANCTIONS**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT............................................................................................................................1

I.      THE COMPLAINT IS LEGALLY AND FACTUALLY BASELESS ..............................2

        A.      The *Res Judicata* Bar Alone Renders The Complaint Frivolous...........................2

        B.      *Papaya* Is Directly On Point................................................................................4

        C.      Kovacs' Claims Are Frivolous On The Merits........................................................6

II.     MR. KOVACS FILED THE COMPLAINT FOR AN IMPROPER PURPOSE ................8

CONCLUSION.........................................................................................................................9

## Cases

*Abdelhamid v. Altria Grp., Inc.*,
515 F. Supp. 2d 384 (S.D.N.Y. 2007)..................................................................................1

*Beijing Neu Cloud Oriental Sys. Tech. Co., Ltd. v. Int'l Bus. Machines Corp.*,
110 F.4th 106 (2d Cir. 2024) ...............................................................................................3

*Charles v. Levitt*,
2016 WL 3982514 (S.D.N.Y. July 21, 2016),
*aff'd and remanded*, 716 F. App'x 18 (2d Cir. 2017)...............................................................6

*China AI Cap. Ltd. v. DLA Piper LLP (US)*,
2023 WL 5016492 (S.D.N.Y. July 28, 2023) ........................................................................9

*Corsini v. Bloomberg*,
26 F. Supp. 3d 230 (S.D.N.Y. 2014)................................................................................2, 4

*Demaree v. Castro*,
2023 WL 6465881 (S.D.N.Y. Oct. 4, 2023) .........................................................................6

*Digit. Realty Tr., Inc. v. Somers*,
583 U.S. 149 (2018)...........................................................................................................8

*Edmonds v. Seavey*,
2009 WL 4404815 (S.D.N.Y. Dec. 2, 2009) ........................................................................9

*Edwards v. Barclays Services Corp.*,
2020 WL 3446870 (S.D.N.Y. June 24, 2020) ......................................................................2

*Gurary v. Nu-Tech Bio-Med, Inc.*,
303 F.3d 212 (2d Cir. 2002).............................................................................................7

*Hameed v. Aldana*,
296 F. App'x 154 (2d Cir. 2008) .......................................................................................3

*Hubbuch v. Capital One, N.A.*,
2026 WL 691261 (S.D.N.Y. Feb. 10, 2026)........................................................................9

*Jun An v. Hui Zhang*,
2013 WL 6503513 (S.D.N.Y. Dec. 6, 2013) ........................................................................4

*Katzman v. Victoria's Secret Catalogue*,
167 F.R.D. 649 (S.D.N.Y. 1996) .......................................................................................6

*LaVigna v. WABC Television, Inc.*,
159 F.R.D. 432 (S.D.N.Y. 1995) .......................................................................................2

*MLSMK Inv. Co. v. JP Morgan Chase & Co.*,
    651 F.3d 268 (2d Cir. 2011)....................................................................................................3

*O'Malley v. New York City Transit Auth.*,
    896 F.2d 704 (2d Cir. 1990)...................................................................................................3

*Papaya Gaming, Ltd. v. Fair Play For Mobile Games*,
    2026 WL 558698 (S.D.N.Y. Feb. 27, 2026)....................................................................1, 4, 5

*Russell v. NYU*,
    42 N.Y.3d 377 (2024) ..............................................................................................................3

*Sibanda v. Elison*,
    2024 WL 3835220 (S.D.N.Y. Aug. 14, 2024)..........................................................................1, 9

*Singh v. NYCTL 2009-A Tr.*,
    683 F. App'x 76 (2d Cir. 2017) ...............................................................................................4

*Streamlined Consultants, Inc. v. EBF Holdings, LLC*,
    2023 WL 5835748 (S.D.N.Y. Sept. 8, 2023)...................................................................1, 6, 8

*Sussman v. Bank of Israel*,
    56 F.3d 450 (2d Cir. 1995).......................................................................................................8

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014)..................................................................................................4, 5

*Weinraub v. Glen Rauch Sec., Inc.*,
    419 F. Supp. 2d 507 (S.D.N.Y. 2005)......................................................................................4

## Other Authorities

Fed. R. Civ. P. 11.......................................................................................................... 1-3, 6, 8-9

Fed. R. Civ. P. 12...................................................................................................................1

## Online Sources

David J. Kovacs, Story, THE REAL DAVID JK, https://www.realdavidjk.com/story
    (last accessed May 5, 2026)......................................................................................................9

LAWSUIT ACCUSES NASDAQ-LISTED AUDIOEYE CEO OF STOCK MANIPULATION,
    PR Newswire (June 26, 2024) ..................................................................................................9

iii

## PRELIMINARY STATEMENT

Mr. Kovacs' opposition brief only underscores the necessity of sanctions here.  He has now filed three lawsuits against AudioEye and Mr. Moradi on the same basic set of facts.  Two New York state courts have rejected Mr. Kovacs' claims, but undeterred, he filed a 118-page complaint before this Court purporting to assert a dozen causes of action in pursuit of a billion dollars in damages.  In his current opposition, Mr. Kovacs does not even attempt to defend most of those claims, implicitly conceding that he had no good basis to assert them in the first place.  And for those claims he does try to defend, Mr. Kovacs relies on the sort of "strained arguments" Judge Cote found evidenced bad faith in *Papaya*—and, remarkably, he misstates the basic facts of that case to try and distinguish it.  The Court should impose sanctions against Mr. Kovacs and his counsel to deter them from filing yet another meritless, harassing lawsuit against AudioEye and Mr. Moradi.

## ARGUMENT

Mr. Kovacs opens his opposition with the faulty procedural argument, advanced without any supporting precedent, that a Rule 11 motion may not accompany a motion to dismiss.  Opp. to Defs. Mot. for Rule 11 Sanctions (Apr. 27, 2026), Dkt. 53 ("Opp."), at 5-7.  There is no authority that supports that proposition, and Courts in this district routinely entertain both motions together and grant both sets of relief in a single order.  *See, e.g.*, *Papaya Gaming, Ltd. v. Fair Play For Mobile Games*, 2026 WL 558698, at *1, *4 (S.D.N.Y. Feb. 27, 2026); *Sibanda v. Elison*, 2024 WL 3835220, at *2–6 (S.D.N.Y. Aug. 14, 2024); *Streamlined Consultants, Inc. v. EBF Holdings, LLC*, 2023 WL 5835748, at *1 (S.D.N.Y. Sept. 8, 2023); *Abdelhamid v. Altria Grp., Inc.*, 515 F. Supp. 2d 384, 389 (S.D.N.Y. 2007).  As in those many cases, Mr. Kovacs' Complaint both fails to state a claim under Rule 12(b)(6) and is so frivolous from its inception that it warrants sanctions.

1

## I.    THE COMPLAINT IS LEGALLY AND FACTUALLY BASELESS

### A.    The *Res Judicata* Bar Alone Renders The Complaint Frivolous

As Mr. Kovacs is surely aware—since both decisions were attached to his Complaint—*Kovacs I* was dismissed "with prejudice" and *Kovacs II* was dismissed on *res judicata* grounds. *See* Compl., Exs. 83-84. This latest Complaint nonetheless recycles the same basic allegations underlying those cases: That Mr. Moradi directed Mr. Kovacs to participate in "stock fraud," that "Kovacs refused," that Mr. Kovacs "became a whistleblower," and that Defendants "retaliat[ed]" against him. *Compare* Compl., Dkt. 1, ¶¶ 16-29, 140-42, 195, *with Kovacs I* Am. Compl., Dkt. 24-1, ¶¶ 26-29, 36, 43-55. Plaintiff insists he cannot be sanctioned, despite this blatant rehashing of the same failed allegations, because any dispute over the applicability of *res judicata* is a "merits question." Opp. at 7. Plaintiff is wrong: Rule 11 sanctions exist to deter precisely this sort of serial litigation. *See Corsini v. Bloomberg*, 26 F. Supp. 3d 230, 248 (S.D.N.Y. 2014) ("The imposition of sanctions is appropriate here because Plaintiff's claims against the Belkin Defendants are barred under the doctrine of *res judicata,* were held to be meritless in an early action, and are objectively frivolous."); *Edwards v. Barclays Services Corp.*, 2020 WL 3446870, at *5 (S.D.N.Y. June 24, 2020) ("In light of the dismissal of Plaintiff's Minnesota Action, his previous experience with the doctrine of res judicata, and his continued pursuit of these claims despite Defendant's motion to dismiss and motion for sanctions, [sanctions are appropriate].").

Mr. Kovacs argues his position that *res judicata* does not apply here is "objectively colorable," but he does not even defend his six state-law causes of action, effectively conceding they are baseless and precluded. *See* Opp. at 7, 9-10. Thus, even if his federal claims had a basis in law or fact—which they do not—Mr. Kovacs' decision to bring six baseless state-law claims, which he now implicitly concedes, would by itself warrant sanctions. *See LaVigna v. WABC*

2

*Television, Inc.*, 159 F.R.D. 432, 433, 435–36 (S.D.N.Y. 1995) (imposing Rule 11 sanctions where some of plaintiff's claims were "wholly frivolous").

In defense of his federal claims, Mr. Kovacs cites *Hameed v. Aldana*, 296 F. App'x 154 (2d Cir. 2008), for the proposition that a *res judicata* dismissal "***can*** qualify as a final judgment for preclusion purposes," as if to imply that a *res judicata* dismissal is only sometimes entitled to preclusive effect. Opp. at 10 (emphasis added). *Hameed* holds that such dismissals ***are*** entitled to preclusive effect. *Hameed*, 296 F. App'x at 155. Any claim Mr. Kovacs could have raised in the *Kovacs I* amended complaint (June 26, 2024) or at the *Kovacs II* filing (March 4, 2025) is barred by *res judicata*, *Beijing Neu Cloud Oriental Sys. Tech. Co., Ltd. v. Int'l Bus. Machines Corp.*, 110 F.4th 106, 114 (2d Cir. 2024), and any issue actually adjudicated against him is precluded. *Russell v. NYU*, 42 N.Y.3d 377, 384 (2024). Each of Mr. Kovacs' federal claims falls within that sweep. *See* Memo. Supp. Mot. Dismiss (Feb. 27, 2026), Dkt. 23 ("MTD"), at 8-12.

Mr. Kovacs also contends his civil RICO claim (Count I) rests on new allegations that "postdate[]" *Kovacs I*: a new allegation of securities fraud, alleged witness tampering, and the Bettis lawsuit. Opp. at 7–8. But as counsel should have recognized, those allegations are not cognizable RICO predicates. It is black-letter law that securities fraud cannot form the basis for a civil RICO claim. *MLSMK Inv. Co. v. JP Morgan Chase & Co.*, 651 F.3d 268, 273, 277 (2d Cir. 2011). The alleged witness tampering fails because it is not tethered to any federal proceeding, a sanctionable deficiency. *See O'Malley v. New York City Transit Auth.*, 896 F.2d 704, 708 (2d Cir. 1990) (affirming sanctions and holding that Counsel's efforts to "extend the [RICO] statute [predicate acts] to include state judicial and administrative proceedings is simply unreasonable").[1]

---

[1] The murder-for-hire allegations underlying that "witness-tampering" theory were also clearly known to Mr. Kovacs by May 2024, *see* Compl. ¶ 165, which is before he filed the amended complaint in *Kovacs I* on June 26, 2024.

And the Bettis lawsuit is a constitutionally protected activity that cannot serve as a RICO predicate. *Jun An v. Hui Zhang*, 2013 WL 6503513, at \*4 n.2 (S.D.N.Y. Dec. 6, 2013); *Singh v. NYCTL 2009-A Tr.*, 683 F. App'x 76, 77–78 (2d Cir. 2017). Stripped of that window dressing, Mr. Kovacs' civil RICO claim rests only on the allegations he already litigated and lost in *Kovacs I*. *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 502 (2d Cir. 2014) ("A few post-[filing] acts [cannot] resurrect a claim, grounded almost entirely upon events preceding the prior litigation." (citation modified)).

By filing a third action on the same twice-rejected claims, Mr. Kovacs and his counsel have invited sanctions. *Corsini*, 26 F. Supp. 3d at 248 ("The imposition of sanctions is appropriate here because Plaintiff's claims against the Belkin Defendants are barred under the doctrine of *res judicata,* were held to be meritless in an early action, and are objectively frivolous."); *Weinraub v. Glen Rauch Sec., Inc.*, 419 F. Supp. 2d 507, 514 (S.D.N.Y. 2005) (imposing sanctions where "[e]ven a cursory comparison" of the prior proceedings revealed the claims had "already been the subject of litigation . . . on multiple occasions").

## B.    *Papaya* Is Directly On Point

Mr. Kovacs' attempts to distinguish *Papaya Gaming, Ltd. v. Fair Play for Mobile Games*, are precisely the sort of "strained arguments" Judge Cote identified in that very case as evidence of bad faith. 2026 WL 558698, at \*13 (S.D.N.Y. Feb. 27, 2026). He claims that the *Papaya* plaintiffs "refiled claims already rejected by [that] Court in another district." Opp. at 11. That is false. Those plaintiffs did not repeat any dismissed claims but exclusively brought new claims under Virginia law. *Papaya*, 2026 WL 558698, at \*4-6. They were nonetheless sanctioned because the new claims rested on the same facts underlying the original action. *Id.* at \*12-14. Here, Mr. Kovacs is even more brazen than the plaintiffs in *Papaya*, bringing not only fanciful

4

new theories but two of the exact same state-law claims that were previously dismissed. MTD, Dkt. 23, at 8.

Mr. Kovacs also argues "this case centers on conduct postdating *Kovacs I*," while "*Papaya* involved counterclaims based on the same alleged conduct already adjudicated." Opp. at 11. That is misleading at best. Like Mr. Kovacs, the *Papaya* plaintiffs claimed to have "new" allegations, including evidence that consumers "never saw" certain material relevant to the dispute, but Judge Cote found that was not a "materially new fact." 2026 WL 558698 at *11. Similarly here, the allegations Mr. Kovacs claims "postdate[]" *Kovacs I* are not "central events" in his case, as he claims, Opp. at 8, and only purport to corroborate his old claims. Mr. Kovacs points principally to the Wilkerson meeting and the Humble voicemail as new conduct postdating *Kovacs I*, but on the very same page states those allegations "confirm[]" an earlier recording and "establish" facts "in connection with the solicitation of harm"—by which he presumably (though not at all clearly) means the purported retaliation scheme that Mr. Kovacs alleges elsewhere was underway no later than late 2023.[2] *Id*. These allegations, at best, corroborate his failed theories, are not "central events" to his case, and certainly do not defeat preclusion. *See TechnoMarine*, 758 F.3d at 502.

Finally, Mr. Kovacs argues that the federal causes of action he brings here have not been adjudicated. Opp. at 9-10. The *Papaya* Court rejected that argument, too: "[t]he fact that Papaya based its claims on different laws is immaterial." 2026 WL 558698 at *10. What matters is whether the new claims rest on issues "fully resolved" against the plaintiff in the prior action, *id.*—

---

[2]   The Complaint alleges that Mr. Humble solicited Mr. Ducheine to "take care of" Mr. Kovacs in December 2023, and that he solicited Mr. Wilkerson for that purpose in January 2024. Compl., Sched. D. Both acts predate the filing of *Kovacs I* by months and could have been asserted in that action.

5

and, as Plaintiffs have repeatedly shown, *see* MTD, Dkt. 23, at 8-12; Init. Br., Dkt. 47, at 8-11, these claims are fully resolved.

### C.    Kovacs' Claims Are Frivolous On The Merits

In addition to being barred by *res judicata*, Mr. Kovacs' claims are frivolous on the merits. *See Streamlined Consultants*, 2023 WL 5835748, at \*12 (imposing Rule 11 sanctions for civil RICO claim that had "absolutely no chance of success"). Again, Mr. Kovacs fails to defend his state law claims, effectively conceding their frivolity. The federal claims he tries to defend— "Civil RICO," "Securities fraud," and "Whistleblower retaliation"—fare no better.

**Civil RICO.** "Civil RICO is an unusually potent weapon—the litigation equivalent of a thermonuclear device," *Katzman v. Victoria's Secret Catalogue*, 167 F.R.D. 649, 655 (S.D.N.Y. 1996), and Mr. Kovacs and his counsel should be sanctioned for wielding it to recast a wrongful-discharge dispute as a $1 billion civil RICO claim against the CEO of a public company. The Complaint alleges there was an enterprise of sixty-one members. Compl. ¶ 193. Pointing to the over 1,000 pages of filings that accompanied his Complaint and his supposed investigation, Mr. Kovacs argues his "association-in-fact enterprise" allegations do not warrant sanctions. Opp. at 12. But of those sixty-one purported members, Mr. Kovacs alleges facts as to just three. And as to those three, the Complaint offers vague, conclusory allegations: Mr. Moradi was the "architect," Mr. Bettis was the "governance stabilizer," and Mr. Humble was the "intermediary." *Id.* This claim is a textbook example of the kind of abuse of the RICO statute that courts have repeatedly admonished against. *Demaree v. Castro*, 2023 WL 6465881, at \*16 (S.D.N.Y. Oct. 4, 2023) ("Under the 'objectively reasonable' standard, no competent attorney could have formed a reasonable belief that the RICO claims . . . were well grounded in fact and warranted by existing law. The Court thus agrees that Rule 11 sanctions should be awarded against Plaintiffs' counsel . . . for filing that claim."); *Charles v. Levitt*, 2016 WL 3982514, at \*7 (S.D.N.Y. July 21, 2016)

6

(imposing sanctions for RICO complaint that named defendants on "wild speculation"), *aff'd and remanded*, 716 F. App'x 18 (2d Cir. 2017).

**Securities fraud.** The § 10(b) securities fraud claim (Count II) is meritless, and indeed frivolous, for two reasons. First, Plaintiffs indisputably lack standing. The Complaint itself says Mr. Alesi acquired his shares "after the conclusion" of the alleged fraud, Compl. ¶ 62, and Mr. Kovacs' theory that an offer letter for RSUs constitutes a "purchase or sale" of securities simply has no support in the case law, *see* Opp. to Defs. Mot. to Dismiss, Dkt. 41 (Apr. 6, 2026) ("MTD Opp."), at 17; MTD, Dkt. 23, at 24–26. Second, the Complaint fails to allege the elements of a § 10(b) claim because it does not identify any specific material non-public information ("MNPI") any defendant possessed, any specific trade tied to any specific piece of MNPI, or any facts establishing scienter as to any specific defendant. MTD, Dkt. 23, at 26-27.

The January 17, 2024 recorded call attached to Mr. Kovacs' Complaint illustrates the point: When Mr. Bettis asked Mr. Kovacs what he intended to sue Mr. Moradi for, Mr. Kovacs responded: "Inside trading. All this." Compl., Ex. 30B at 5:17–19. When Bettis pressed, Mr. Kovacs could not articulate a single supporting fact. Bettis asked, "Inside trading? You know, something about inside trading?"—and Mr. Kovacs ignored the question entirely. *Id*. at 5:20–22. Mr. Bettis tried again, asking whether the insider trading claim was "a fact or is it something that [] is folklore." *Id*. at 19:11–16. Mr. Kovacs again offered no response, *id.*, though he did admit his lies, declaring elsewhere that "[if] [y]ou say it enough, it becomes true." *Id.* at 9:21-22. "The PSLRA dictates sanctions for frivolous securities fraud complaints" like this one, "and emphasizes the need not only to deter such abusive lawsuits, but also to compensate fully victims of this kind of abusive litigation." *Gurary v. Nu-Tech Bio-Med, Inc.*, 303 F.3d 212, 215 (2d Cir. 2002).

7

**Whistleblower retaliation.** Mr. Kovacs also presses a Dodd-Frank whistleblower claim (Count III) in opposing this motion, Opp. at 14, despite having conceded in his motion-to-dismiss opposition that his termination preceded his alleged SEC whistleblower report. MTD Opp. at 19. There, he argued that "post-SEC retaliatory acts" can satisfy the statute, *id*., but that argument is foreclosed by the Supreme Court precedent that Mr. Kovacs himself cited. *Id.* (citing *Digit. Realty Tr., Inc. v. Somers*, 583 U.S. 149, 163 (2018)). In any event, Mr. Kovacs never alleges that Mr. Moradi was aware of his report to the SEC, rendering any purported retaliation for that report a logical and factual impossibility. Filing—and now defending—a baseless Dodd-Frank claim warrants sanctions. *Streamlined Consultants*, 2023 WL 5835748, at *12.

## II.    MR. KOVACS FILED THE COMPLAINT FOR AN IMPROPER PURPOSE

Mr. Kovacs leans on *Sussman v. Bank of Israel*, 56 F.3d 450, 459 (2d Cir. 1995), for the proposition that an improper purpose alone cannot support Rule 11(b)(1) sanctions where the underlying claims are "objectively colorable." Opp. at 16–18 (citing *Sussman*, 56 F.3d at 459). For the reasons set out in Section I, the claims are not "objectively colorable," so this argument fails.

Mr. Kovacs then argues that the January 17, 2024, recorded call cannot evidence his improper purpose because the call "predates" the conduct at issue, and that he could not, in January 2024, have admitted the falsity of events occurring later. Opp. at 17. This misses the point entirely. On the call, Mr. Kovacs declared what he planned to do, and the actions he subsequently took conformed exactly to that plan. Indeed, Mr. Kovacs declared he would conduct "smear campaigns" against Mr. Moradi, vowed to "destroy" him, and even explained his strategy: "you say it enough, it becomes true." Compl., Ex. 30B at 7:22-8:3, 9:17–18, 9:21–22. The conduct that

8

followed—a defamatory press release,[3] a defamatory website,[4] and three successive lawsuits, including this one—is the execution of the plan Mr. Kovacs announced on the call.  This professed bad faith is itself grounds for sanctions.  *Hubbuch v. Capital One, N.A.*, 2026 WL 691261, at *27 (S.D.N.Y. Feb. 10, 2026) (recommending sanctions where "it is evident that Hubbuch brought Funding Metrics into the instant action and asserted foreclosed claims against it to advance his campaign of harassment against Funding Metrics"); *Sibanda*, 2024 WL 3835220, at *5 (imposing Rule 11 sanctions because the complaint was "frivolous" and used "for an 'improper purpose,' namely to harass [Defendant]"); *China AI Cap. Ltd. v. DLA Piper LLP (US)*, 2023 WL 5016492, at *8 (S.D.N.Y. July 28, 2023) (sanctioning Plaintiff where claim "can only be viewed as an attempt to harass Defendants and cause reputational harm"), *report and recommendation adopted*, 2024 WL 964596 (S.D.N.Y. Mar. 6, 2024); *Edmonds v. Seavey*, 2009 WL 4404815, at *3 (S.D.N.Y. Dec. 2, 2009) ("Moreover, there is evidence that not only were Plaintiff's claims against MP & S frivolous, but that they were 'presented for [an] improper purpose,' *i.e.,* to send MP & S's 'heads spinning' at having to defend against a $500 million RICO action.").

## CONCLUSION

For the foregoing reasons, Defendants AudioEye and David Moradi respectfully request that the Court impose sanctions against David Kovacs and his counsel under Rule 11, 28 U.S.C. Section 1927, and the Court's inherent authority, including: (1) a full award of attorneys' fees and costs incurred in defending this action, and bringing this motion; and (2) such other and further relief as the Court deems just and proper.

---

[3]  LAWSUIT ACCUSES NASDAQ-LISTED AUDIOEYE CEO OF STOCK MANIPULATION, PR Newswire (June 26, 2024), https://www.prnewswire.com/news-releases/lawsuit-accuses-nasdaq-listed-audioeye-ceo-and-its-executive-chairman-of-stock-manipulation-302182921.html

[4]  David J. Kovacs, Story, THE REAL DAVID JK, https://www.realdavidjk.com/story (last accessed May 8, 2026).

Respectfully submitted,

**QUINN EMANUEL URQUHART**
**& SULLIVAN, LLP**

Dated:  May 8, 2026
New York, New York

By:   */s/ Adam M. Abensohn*
Adam M. Abensohn
Corey Worcester
295 Fifth Avenue
New York, New York 10016
Telephone: (212) 849-7000
Email: adamabensohn@quinnemanuel.com
coreyworcester@quinnemanuel.com

*Attorneys for Defendants*
*AudioEye, Inc. and David Moradi*

## CERTIFICATE OF WORD COUNT COMPLIANCE

I, Adam Abensohn, an attorney duly admitted to practice before this Court, hereby certify pursuant to Local Civil Rule 7.1 and Rule 4(c) of Hon. J. Paul Oetken Individual Rules and Practices in Civil Cases (the "Individual Rules"), that the annexed Memorandum of Law was prepared using Microsoft Word and the document contains 2,965 words as calculated by the application's word-counting function, excluding the parts of the Memorandum exempted by Local Civil Rule 7.1(c) and Rule 4(c) of Judge Oetken's Individual Rules.

I certify under the penalty of perjury the foregoing statements are true and correct. Executed on this 8th day of May in New York, New York.

*/s/ Adam M. Abensohn*
Adam M. Abensohn

10