**quinn emanuel** trial lawyers | new york, ny

295 Fifth Avenue, New York, NY 10016 | TEL (202) 849-7000

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**adamabensohn@quinnemanuel.com**

May 11, 2026

**VIA ECF**

Hon. J. Paul Oetken
United States District Court, Southern District of New York
40 Foley Square, Courtroom 706
New York, NY 10007

Re:     *David Kovacs et al. v. David Moradi et al.*, No. 25-CV-10336 (S.D.N.Y.),
        Defendants AudioEye, Inc. and David Moradi's Response to Plaintiffs' Letter Motion
        Dated May 11, 2026

Dear Judge Oetken:

We write in response to Plaintiffs' letter-motion (the "Motion" or "Mot.") requesting that the Court "hold open the record" on Defendants' motions to dismiss and for sanctions to permit a second round of briefing "to address the effect of the parties' deposition testimony" in the pending Florida litigation in which AudioEye and Mr. Moradi have asserted fraud and defamation claims against Mr. Kovacs.  Plaintiffs' request should be denied.

Plaintiffs' request misses the point of the pending sanctions and dismissal motions.  Both rest, in substantial part, on Plaintiffs' misuse of the Court system by forcing Defendants to defend claims already litigated, or currently pending, in other courts.  Plaintiffs' Motion essentially admits the problem:  Mr. Kovacs asks the Court to consider deposition testimony from the parties' Florida litigation because that action "overlaps, in material respects, with the subject matter of this case." Mot. at 1.  The correct forum in which to consider the Florida testimony is in the Florida proceeding, and the correct action in which to litigate the "subject matter" of the parties' dispute is the earlier-filed action in which that dispute is already pending.

Plaintiffs' motion is a blatant invitation to the sort of serial litigation precedent rejects.  As detailed in AudioEye and Mr. Moradi's motion to dismiss, Plaintiffs' claims before this Court are barred by *res judicata* because he has already pursued them twice before, and lost each time.  *See* Memo. Supp. Mot. Dismiss (Feb. 27, 2026), Dkt. 23 ("MTD"), at 8-12.  And as the Court in the

1

second of those actions held, Mr. Kovacs' successive litigations in New York are improper for the related and added reason that, to the extent there are still live disputes between the parties, they are being heard in a first-filed Florida Action. Compl., Ex. 84 (*Kovacs II* Dismissal) at 3 ("Dismissal is also appropriate [because] there is another action pending between the parties in Florida concerning the same subject matter."); *see also JPMorgan Chase Bank, N.A. v. Avara US Holdings LLC*, 2024 WL 709068, at *7 (S.D.N.Y. Feb. 21, 2024) (where there has been "discovery and several interlocutory decisions in the state court, while the federal suit, on the other hand has not moved beyond the initial pleadings and the motion to dismiss, it hardly seems wise to permit plaintiff to start anew in federal court." (alterations adopted)); MTD, Dkt. 23, at 12 n.5. It is no answer to these concerns for Plaintiffs to now propose to expand this action by introducing testimony from an earlier litigation that, Plaintiffs now admit, "overlaps" with this one.

Plaintiffs' counsel advises that Defendants inquired whether Plaintiffs would object to Defendants citing testimony from Mr. Kovacs' Florida deposition in Defendants' Reply on the Rule 11 Motion. Mot. at 1. Counsel responded that he would object because introducing such testimony would expand the record in this action and entitle Plaintiffs to file a sur-reply. Given that objection, Defendants submitted their Reply *without relying on any testimony from any other proceeding*. That leaves no sound basis, as Plaintiffs' counsel seemingly understood when he signaled that a sur-reply would be warranted only if Defendants were to rely on Mr. Kovacs' deposition, for a sur-reply or any further expansion of these proceedings.[1] *See Preston Hollow Cap. LLC v. Nuveen Asset Mgmt. LLC*, 343 F.R.D. 460, 465 (S.D.N.Y. 2023) ("Allowing parties to submit sur-replies is not a regular practice that courts follow, because such a procedure has the potential for placing a court in the position of refereeing an endless volley of briefs." (quoting *Kapiti v. Kelly*, 2008 WL 754686, at *1, n.1 (S.D.N.Y. Mar. 12, 2008)). Briefing on the motion to dismiss and the sanctions motion is now closed, and both are ripe for decision.

Mr. Kovacs' request should be rejected for the added reason that resolution of the motions before this Court simply do not turn on any testimony in the Florida action. The motion to dismiss is a *pleadings motion*—the question is whether Plaintiffs' Complaint states a cause of action. Fed. R. Civ. P. 12(b)(6). It does not, and nothing about testimony by witnesses in a separate proceeding two weeks ago can change that fact. And the sanctions motion turns on whether Mr. Kovacs' claims were frivolous at the time Counsel certified the Complaint. *See, e.g.*, *AJ Energy LLC v. Woori Bank*, 829 F. App'x 533, 535 (2d Cir. 2020) ("We have emphasized that Rule 11 explicitly and unambiguously imposes an affirmative duty on each attorney to conduct a reasonable inquiry into the viability of a pleading **before it is signed**." (internal quotations and citation omitted) (emphasis added)); *Oliveri v. Thompson*, 803 F.2d 1265, 1274 (2d Cir. 1986) ("[T]he signer's conduct is to be judged as of the time the pleading or other paper is signed."). They were frivolous, principally, because those claims were asserted in violation of the principles of *res judicata*. By its very nature, that is an argument Mr. Kovacs cannot defeat by relying on testimony in another

---

[1]    Defendants AudioEye and Moradi's depositions are also governed by a confidentiality order put in place by the Florida court. It is also notable that two of the three Florida depositions Mr. Kovacs wishes to introduce into this action—by Mr. Moradi and AudioEye's corporate representative—were completed before Mr. Kovacs filed his Rule 11 Opposition. If that testimony were somehow relevant to Mr. Kovacs' arguments here, he could have raised it in his Opposition. Re-opening briefing now in the name of "efficiency" would accomplish the opposite.

action, elicited after he filed his Complaint here, concerning subject matter he now admits "overlaps" between the two cases.[2]

Finally, Plaintiffs make the backwards argument that re-opening both pending motions somehow "serves the interest of judicial economy." Mot. at 3. This is an action that never should have been filed. And now that it has, Defendants have had to devote time, money, and other resources to defending a 118-page RICO action that Plaintiff himself admits "overlaps" with other prior litigation between the parties. *Id.* at 1. Defendants respectfully submit that the appropriate next step in this litigation is not to expand it further, but to dismiss it, and impose sanctions to send a clear message, which Mr. Kovacs is in need of receiving, that his serial litigation must stop.

Sincerely,

*/s/ Adam Abensohn*

Adam Abensohn

---

[2] If the Court permits Mr. Kovacs to introduce his Florida testimony here, Defendants will make an overwhelming showing that the testimony undercuts his claims. But Defendants should not have to make that showing for the reasons described in text. Indeed, the solution to Plaintiffs' *res judicata* problem is not to incorporate testimony from a related action into this later-filed one.