

# DORF NELSON & ZAUDERER LLP

90 Park Avenue, 26th Floor, New York, New York 10016

Telephone: 212.485.0005 · www.dorflaw.com · Facsimile: 212.922.9072

Direct Dial: 212-412-9548 · Email: gshehigian@dorflaw.com

May 11, 2026

**VIA ECF**
Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 706
New York, New York 10007

> Re: ***Kovacs, et al. v. Moradi, et al.*,**
> **Case No. 25-cv-10336 (JPO)**

Dear Judge Oetken:

We write on behalf of defendant Jason Humble in opposition to plaintiffs' letter-motion (Dkt. 57) to "hold open the record on the . . . pending Rule 12(b) motions to dismiss," to file certain transcripts of depositions "taken in the related Florida matter in April 2026," and to "set a schedule for the parties to file supplemental briefing to address the effect of the parties' deposition testimony on the pending motions." So as to not burden the Court, Mr. Humble adopts, incorporates and joins in the arguments made by defendants David Moradi and AudioEye, Inc. as to why plaintiffs' request should be denied. (*See* Dkt. 58). Mr. Humble writes separately to raise two additional points for the Court's consideration.

First, Mr. Humble is not a party in the Florida action, and he was not invited to attend or participate in the depositions that were taken in the Florida action. In fact, until receiving plaintiffs' letter-motion today, he had no knowledge of these depositions at all.[1] It therefore would be highly prejudicial to Mr. Humble to "hold open the record" and allow plaintiffs to supplement their untimely opposition (which was filed weeks after their deadline) with references to this deposition testimony. *See, e.g.*, *First Nat'l Bank in Greenwich v. Nat'l Airlines, Inc.*, 22 F.R.D. 46, 51-52 (S.D.N.Y. 1958) (denying motion to admit deposition testimony from different lawsuit in which one of the defendants was not a party); Fed. R. Civ. P. 32(a)(1)(A) (precluding use of deposition testimony against party who was not present or represented at the taking of the deposition, and who did not have reasonable notice of it).

---

[1] In their letter-motion, plaintiffs state that they "transmitted this proposed letter to counsel for Defendants" on Saturday, May 9, 2026. (Dkt. 57 at 3). Like most of the allegations in their Complaint, this is false. Plaintiffs never transmitted their proposed letter to Mr. Humble's counsel before it was filed on ECF.

Hon. J. Paul Oetken
May 11, 2026
Page 2

Second, there is no reason to "hold open the record" on Mr. Humble's motion because the deposition transcripts, whatever they say, will not have any bearing on the legal issues presented in the motion. Although Mr. Humble disputes almost every allegation in the Complaint, the Court does not need to resolve any factual disputes to award dismissal to Mr. Humble. As Mr. Humble's motion makes clear, and as plaintiffs concede in their opposition, Mr. Kovacs granted a broad general release to Mr. Humble in June 2024. The release post-dates virtually all of the factual allegations against Mr. Humble, which means that Mr. Humble cannot be subjected to liability for any alleged pre-release conduct, and plaintiffs' theories of liability against Mr. Humble cannot be based on any alleged pre-release conduct. Moreover, even putting the release aside, plaintiffs abandoned all of their non-RICO claims against Mr. Humble (*see* Reply Br., Dkt. 51), and the only claim they try to defend – the RICO claim – fails as a matter of law for the reasons set forth in Mr. Humble's moving and reply papers (Dkt. Nos. 26, 51).

Accordingly, Mr. Humble respectfully requests that plaintiffs' letter-motion be denied, and that the Court grant Mr. Humble's pending motion to dismiss.

Respectfully,

*/s/ Grant A. Shehigian*

Grant A. Shehigian

cc:    Counsel of Record (via ECF)