# John H. Snyder

157 East 81st Street, #3A · New York, NY 10028 · john@jhs.nyc · jhs.nyc

May 12, 2026

VIA ECF

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

     Re: *Kovacs et al. v. Moradi et al.*, No. 25-cv-10336 (JPO)

Dear Judge Oetken:

This letter responds to Mr. Humble's opposition (ECF 59) and in further support of Plaintiffs' letter-motion (ECF 57).

**Meet-and-Confer.** The undersigned transmitted a draft of ECF 57 on May 9, 2026 to Mr. Abensohn at Quinn Emanuel, but inadvertently did not copy Mr. Shehigian. The omission was a clerical oversight on my part for which I apologize. I have corrected the distribution list and will ensure all counsel are included in future correspondence.

**Mr. Humble's Sworn Declaration Placed the Insider Trading Question Squarely Before the Court.** Mr. Humble has filed a 43-paragraph sworn declaration in support of his motion (ECF No. 27). In paragraph 28 of that declaration, Mr. Humble testified:

> "Mr. Ducheine disclosed that Mr. Kovacs was continuing to smear me, and that Mr. Kovacs was trying to enlist Mr. Ducheine to help in fabricating a story about me working with Dr. Carr Bettis to commit insider trading at AudioEye."

Humble Decl. ¶ 28. Mr. Humble repeats the same characterization in paragraph 31, describing the insider trading allegations as a "fake insider trader story." Mr. Humble has thus asked this Court, under oath, to find that Mr. Kovacs's insider trading allegations against Dr. Bettis and AudioEye are *fabricated*. That sworn factual representation is now part of the record on which Mr. Humble's motion will be decided.

**Mr. Humble Wants To Make Accusations Without Permitting Response.** Mr. Humble's reply memorandum elaborates on this theme, characterizing Plaintiffs' allegations as the "made-up murder-for-hire plot" (ECF 51, at 1), "wild murder-for-hire plot" (id.), "bogus murder plot" (id. at 4), "fake murder plot" (id. at 6), and a "non-existent enterprise" (id. at 6), and characterizing one of Plaintiffs' supporting declarations as "perjurious" (id. at 10).

These are disputed factual accusations. Mr. Humble asks the Court to credit his accusations while opposing the Court's consideration of sworn testimony bearing on the same subject matter, including testimony given by AudioEye's CFO and by Mr. Moradi, the Executive Chairman, in April 2026. Mr. Humble wants the Court to credit his sworn assertion that the insider trading story is fabricated — but does not want the Court to hear what the AudioEye CFO and Mr. Moradi said about insider trading under oath.

**Mr. Humble's Own Declaration Puts His Credibility at Issue.** Mr. Humble did not merely deny Plaintiffs' allegations. He swore, under penalty of perjury, that Mr. Kovacs was trying to "fabricat[e] a story" about insider trading at AudioEye and that the insider-trading allegations were fake. That assertion is not credible. Mr. Kovacs did not fabricate an insider-trading story. The issue is reflected in public trading records, Forms 4, SEC filings, the timing of the sales, and the collapse in the stock price.

If Defendants wish to challenge that assertion, they know how to do it: produce the transaction-level record — including trading instructions, broker records, Rule 144 materials, 10b5-1 materials if any exist, blackout-period records, insider-trading-policy materials, trading-window approvals, and NOBO/OBO materials. What Defendants cannot fairly do is call the allegation "fabricated," refuse to answer basic questions, and then oppose the Court's consideration of sworn testimony from Mr. Moradi and AudioEye's CFO.

**Mr. Humble Wants the Court to Consider His 43-Paragraph Declaration, But Not the Sworn Testimony That Answers It.** In support of his motion to dismiss, Mr. Humble submitted a 43-paragraph sworn declaration. He then filed a reply memorandum that asks the Court to credit factual characterizations about Mr. Kovacs, Mr. Ducheine, alleged witness tampering, alleged fabrication, alleged perjury, and whether Plaintiffs' alleged RICO enterprise exists at all. See ECF 51.

Mr. Humble's wants the Court to consider his 43 paragraphs of sworn factual assertions, but not consider sworn deposition testimony from his co-defendants on the same subject matter. Plaintiffs are not asking the Court to impose liability on Mr. Humble based on depositions he did not attend. Plaintiffs are asking the Court to consider sworn testimony that responds to factual accusations Defendants themselves placed before the Court. Plaintiffs are entitled to respond to Humble's accusations with sworn testimony.

**Rule 11 Independently Warrants Consideration of the Transcripts.** Mr. Humble has not moved for Rule 11 sanctions, but his co-defendants Mr. Moradi and AudioEye have. Their Rule 11 motion directly puts at issue the factual basis for the Complaint, the reasonableness of Plaintiffs' pre-filing investigation, and Defendants' assertion that Mr. Kovacs "could not articulate a single supporting fact" regarding insider trading. ECF 56. The Moradi and

Georgevich depositions bear directly on those issues. Mr. Humble's motion and the Rule 11 motion are before the same Court on the same record.

**Rule 32 Does Not Entitle Mr. Humble to an Asymmetric Record.** Mr. Humble misses the mark when he invokes Rule 32(a)(1)(A). Rule 32 governs when deposition testimony may be used "against a party" at a hearing or trial, and requires that the party was present, represented, or had reasonable notice. Fed. R. Civ. P. 32(a)(1)(A). Plaintiffs are not proposing to use the Florida transcripts as trial testimony against Mr. Humble, or to impose liability on Mr. Humble based on depositions he did not attend. Plaintiffs seek an orderly procedure for submitting final transcripts so the Court can evaluate factual assertions Defendants themselves placed before the Court.

Mr. Humble's Rule 32 objection also ignores the posture he created. In support of his motion to dismiss, Mr. Humble submitted a 43-paragraph sworn declaration. He now asks the Court to consider his sworn factual narrative, but not sworn deposition testimony from his co-defendants on the same subject matter. Rule 32 does not require that result. It does not require the Court to evaluate Mr. Humble's factual accusations in a vacuum.

Nor does Rule 32 help Defendants' broader position. Defendants were the parties who first sought to use Mr. Kovacs's Florida deposition testimony. Plaintiffs objected only to selective use. Rule 32 itself embodies the same fairness principle: if a party offers only part of a deposition, the adverse party may require the introduction of other parts that "in fairness should be considered with the part introduced." Fed. R. Civ. P. 32(a)(6). The Florida depositions are relevant and the Court should see the complete relevant testimony.

**Conclusion.** Mr. Humble has sworn, under penalty of perjury, that Mr. Kovacs's insider trading allegations against Dr. Bettis and AudioEye are fabricated. He asks this Court to credit that sworn representation. Plaintiffs respectfully submit that the Court should not be asked to credit that sworn representation while being denied access to sworn testimony from Mr. Moradi and Ms. Georgevich on the same subject matter. Plaintiffs' letter-motion, ECF 57, should be granted.

Respectfully submitted,

/s/ John H. Snyder

John H. Snyder
Counsel for Plaintiffs

*cc: Counsel of Record via ECF*