**quinn emanuel** trial lawyers | new york, ny

295 Fifth Avenue, New York, NY 10016 | TEL (202) 849-7000

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**adamabensohn@quinnemanuel.com**

May 27, 2026

<u>**VIA ECF**</u>

Hon. J. Paul Oetken
United States District Court, Southern District of New York
40 Foley Square, Courtroom 706
New York, NY 10007

Re:     *David Kovacs et al v. David Moradi et al*, No. 25-CV-10336 (S.D.N.Y.)*,*
         *Defendants' Letter-Motion to Adjourn Briefing On Plaintiffs' Newly Filed Motion Pending*
         *Decision on Defendants' Motion to Dismiss*

Dear Judge Oetken:

I am writing on behalf of Defendants in connection with Plaintiffs' Motion to Compel AudioEye to Retain Independent Counsel (the "Counsel Motion"), filed last night. *See* Dkts. 62-64. Defendants respectfully request that their deadline to oppose that motion be adjourned until after the Court resolves Defendants' pending Motion to Dismiss and Motion for Sanctions (the "Dispositive Motions"), Mot. to Dismiss, Dkt. 22 (Feb. 27, 2026); Mot. for Rule 11 Sanctions, Dkt. 45 (Apr. 13, 2026), since, if one or both of those motions are granted, Plaintiffs' newly filed Counsel Motion will be rendered moot.

An adjournment makes especially good sense here because Defendants' Dispositive Motions are based, in part, on a showing that Plaintiff's decision to file this action—his third against the same Defendants, after his other two were dismissed with prejudice—was harassing and an abuse of the Court system.[1] It would exacerbate that very problem if Defendants were

---

[1] Plaintiffs' newest motion continues that abuse. Defendants will demonstrate in their Opposition, if one is due before this action is dismissed, the many ways in which the Counsel Motion is misguided. For present purposes, Defendants point out that Plaintiffs' latest filing violates a confidentiality order entered in the parties' Florida litigation by describing and citing deposition testimony in those proceedings. Stipulated Confidentiality & Protective Order at 2, *AudioEye et*

1

made to devote resources now in order to respond to Plaintiffs' newest motion, particularly where the Court may determine, when it decides the Motion to Dismiss, that Plaintiffs had no viable claim in the first place.

Defendants have conferred with Plaintiffs' counsel, who objects to this request, insisting there is "active prejudice" because Defendants are continuing to pursue settlement negotiations with Mr. Kovacs' Florida counsel without AudioEye being separately represented. There is no prejudice: if and when any settlement terms are agreed to, the parties will make appropriate submissions under Rule 23.1, and the Court can determine at that time whether AudioEye's interests are properly served. As things now stand, however, there is instead a pending motion to dismiss, which, if granted, would moot that process entirely. There is also no dispute that the Motion to Dismiss, filed on behalf of AudioEye and Mr. Moradi, is properly before the Court. Indeed, while Plaintiffs argue in their newly filed motion that AudioEye is required to retain independent counsel in connection with any settlement, they concede that it is appropriate and indeed standard for the same counsel to represent the company and its officers on a motion to dismiss. *See* Mem. Supp. Mot. to Compel AudioEye to Retain Unconflicted Counsel at 18, Dkt. 63 (May 26, 2026); *see also Respler on Behalf of Magnum Hunter Res. Corp. v. Evans*, 17 F. Supp. 3d 418, 421 (D. Del. 2014) ("[I]n derivative actions, there exists no conflict of interest between a corporation and individual director defendants at the motion to dismiss stage, therefore, a law firm may represent all defendants without impropriety.").

*In sum*, Defendants have laid out in detail in their pending Dispositive Motions the reasons that Plaintiffs' complaint in this action—Mr. Kovacs' third against the same Defendants—is frivolous and deserving of both dismissal and sanctions. Plaintiffs are now insisting that Defendants incur yet further time and expense opposing a newly filed motion that, depending on the Court's forthcoming ruling on the Dispositive Motions, may never need to be decided. Defendants respectfully submit that it would promote efficiency to await decision on those Dispositive Motions before proceeding with briefing on the newly filed Counsel Motion.

Respectfully Submitted,

 */s/ Adam Abensohn*

Adam Abensohn

---

*al. v. Kovacs*, Case No. 2024-006401-CA-01, Dkt. 99 (Nov. 5, 2025). Worse still, Plaintiffs cite that testimony despite the fact that their prior request to this Court for permission to rely on the Florida depositions is still pending and was never granted. *See* Letter-Mot. for Leave to File Dep. Tr., Dkt. 57 (May 11, 2026). Plaintiffs newest motion is the latest chapter in Mr. Kovacs' serial litigation, and insistence on making improper Court filings.

2