

| | |
|---|---|
| Matthew J. Turturro, Esq. (Managing Partner) | ☎ (718) 384-2323    🖷 (718) 384-2555 |
| *Natraj S. Bhushan, Esq. (Partner) | ✉ natraj@turturrolawpc.com |
| Paulina Bellantonio, Esq. (Partner) | 🖳 www.turturrolawpc.com |
| Anthony A. Nozzolillo, Esq. (Of Counsel) | |
| *Admitted in NY and NJ | 📍 1361 N. Railroad Avenue, Staten Island, NY 10306 |

**May 29, 2026**

***VIA ECF***

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Courtroom 706
New York, New York 10007

<u>**Re: Kovacs et al. v. Moradi et al., No. 25-CV-10336 (JPO)**</u>
***Letter Motion Requesting Conference***

Dear Judge Oetken:

I write as counsel to Plaintiff David Kovacs, individually, to advise the Court of a divergence of interests that counsel respectfully submits warrants a conference. Mr. Kovacs, in his individual capacity, has reached agreement in principle on settlement terms that would resolve all pending actions among the parties, including the above-captioned matter, and he wishes to proceed to finalize and present that settlement to the Court for approval pursuant to Federal Rule of Civil Procedure 23.1.

As the Court is aware from recent filings, Mr. Snyder represents the derivative plaintiffs in this action and has expressed a different view as to the value and disposition of the derivative claims. That divergence (between Mr. Kovacs's individual interest in achieving a final resolution and the derivative plaintiffs' interest in continuing to prosecute the claims on AudioEye's behalf) presents a conflict that the parties cannot resolve among themselves without Court guidance.

Given that Rule 23.1 independently requires Court approval of any settlement or dismissal of a derivative action, a conference would serve the interests of all parties and the Court regardless of how this conflict is ultimately resolved. And to be clear, Mr. Kovacs does not seek to prejudice the rights of absent shareholders. Instead, he respectfully requests only that the Court convene a conference at its earliest convenience to provide direction on the appropriate path forward, including the sequencing of any Rule 23.1 notice and approval

process in light of the competing interests now before the Court.

Respectfully submitted,
**TURTURRO LAW, P.C.**
By:/s/ Natraj S. Bhushan

cc: All counsel of record via ECF