# John H. Snyder

157 East 81st Street, #3A · New York, NY 10028 · john@jhs.nyc · jhs.nyc

June 1, 2026

VIA ECF

Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Kovacs et al. v. Moradi et al.*, No. 25-CV-10336 (JPO)

Dear Judge Oetken:

This letter follows Mr. Bhushan's letter of May 29 (ECF No. 67), which advised the Court of a divergence of views regarding the value and disposition of the derivative claims. Since that filing, the undersigned have met and conferred, and we are glad to report that we have reached common ground.

We write jointly — Mr. Snyder as counsel for Plaintiffs and for the shareholder derivative claims asserted on behalf of AudioEye, Inc., and Mr. Bhushan as co-counsel for Mr. Kovacs — to set out our joint request. We share a single objective: a prompt and lawful resolution of all pending matters in accordance with proper procedure.

Each of the lawyers representing Mr. Kovacs wants this ordeal to end for him. We recognize the extreme toll this litigation has taken on him. We also recognize, however, that any further negotiated settlement amongst the parties will not yield meaningful finality without court intervention.

We are in accord on the following:

First, Mr. Kovacs's individual disputes — the Florida action and the Arizona matter — can and should be resolved, and he is entitled to that peace. Those matters should be resolved on standard, mutually agreeable terms.

Second, the shareholder derivative claims belong to AudioEye (ECF 62–64, 66), and any resolution of those claims must satisfy Rule 23.1: approval by the Court, independent representation of the company, and notice to its shareholders. A resolution that does not satisfy the Rule would not be fair to the company and its absent shareholders and would not give the parties the finality they seek.

Accordingly, we jointly ask the Court to:

1.  Refer the matter to a Magistrate Judge to oversee settlement discussions and ensure compliance with Rule 23.1; and

2.  Stay all proceedings pending the foregoing.

So that this process may proceed efficiently, we are prepared to stand down this action and to seek a standstill of the related Florida and Arizona actions by a stipulation the Court may so-order, allowing the parties to resolve the representation issue and to negotiate a global settlement that meets the procedural and substantive fairness and disclosure requirements of Rule 23.1 under the Magistrate Judge's supervision.

Plaintiffs' allegations and position are elaborated in the record at ECF Nos. 1–3, 41, 42, 53, 57, 60–61, 63–64, and 66, and will not be restated here.

We appreciate the Court's attention and look forward to addressing these matters at today's conference.

Respectfully submitted,

John H. Snyder
JOHN H. SNYDER PLLC
*Counsel for Plaintiffs and the derivative claims*

/s/ Natraj Bhushan
Natraj Bhushan
TURTURRO LAW, P.C.
*Co-counsel for David Kovacs*

2