UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| |
|---|
| DANIEL KOVACS, derivatively on behalf of AUDIOEYE, INC.; RUSSELL G. ALESI, derivatively on behalf of AUDIOEYE, INC.; and DAVID KOVACS, individually, <br><br> *Plaintiffs,* <br><br> v. <br><br> DAVID MORADI; SERO CAPITAL LLC; DR. CARR BETTIS; CSB IV US HOLDINGS LLC; JAMIL TAHIR; TURNMARK PARTNERS L.P.; KELLY GEORGEVICH; and JASON HUMBLE, <br><br> *Defendants,* <br><br> and <br><br> AUDIOEYE, INC., Defendant and Nominal Defendant. |

Case No. 25-CV-10336 (JPO)

DECLARATION OF JOHN H. SNYDER IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT AND RELATED RELIEF

I, John H. Snyder, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

## I.    INTRODUCTION

1.    I am the principal of John H. Snyder PLLC, counsel of record for Plaintiffs in this action. I am admitted to practice before this Court. I submit this declaration in support of Plaintiffs' motion for leave to file the proposed Amended Complaint, for approval under Federal Rule of Civil Procedure 23.1(c) of the dismissal of certain derivative claims, and, in the alternative, for the permissive intervention of Daniel Kovacs.

2.    Except where otherwise stated, I make this declaration on personal knowledge, based on my conduct of this litigation, my review of the documents identified, and my receipt or transmission of the correspondence described.

1

## II.    THE RELIEF SOUGHT

3.    By the accompanying motion, Plaintiffs seek three forms of relief. First, Plaintiffs seek leave under Rules 15(a)(2) and 21 to file the proposed Amended Complaint submitted with the motion as Exhibit A. The proposed Amended Complaint adds Daniel Kovacs as the derivative plaintiff, focuses the action on AudioEye's corporate-opportunity claim and the federal RICO and Dodd-Frank claims, and omits claims, parties, and theories no longer pursued. Second, to the extent any omitted claim is derivative, Plaintiffs seek approval under Rule 23.1(c) of its dismissal without prejudice, with notice dispensed, in the form of the accompanying proposed Order. Third, in the alternative, Plaintiffs seek an order permitting Daniel Kovacs to intervene as a plaintiff under Rule 24(b).

## III.    THE EXHIBITS SUBMITTED WITH THE MOTION

4.    The proposed Amended Complaint is submitted as motion Exhibit A. A redline against the original Complaint is submitted as motion Exhibit B. The proposed Order is submitted with the motion in accordance with the Court's Individual Rules. The Amended Complaint substantially restructures the original pleading. The redline therefore reflects extensive changes and is furnished for completeness. The proposed pleading itself is the best statement of the claims now asserted. Attached to this declaration are the following supporting exhibits:

    a.    Exhibit C is the Declaration and Rule 23.1 Verification of Daniel Kovacs, executed June 7, 2026. It establishes, based on his own brokerage records, that he has continuously owned no fewer than 200 shares of AudioEye common stock since December 11, 2023. That ownership predates, spans, and continues after the November and December 2024 transactions challenged in this action. Exhibit C also attaches Daniel Kovacs's demand to AudioEye under 8 Del. C. §§ 219 and 220.

    b.    Exhibit D is the Declaration and Rule 23.1 Verification of Russell G. Alesi. Mr. Alesi is a current AudioEye shareholder who carries the shareholder-

governance and Rule 23.1 process role. Exhibit D also attaches his demand to AudioEye under 8 Del. C. §§ 219 and 220.

c.  Exhibit E is the consent of Julian Ducheine to the dismissal, without prejudice, of the derivative claim asserted in the original Complaint on behalf of Formulus Black.

d.  Exhibit F is the consent of Demian Lichtenstein to the dismissal, without prejudice, of the derivative claim asserted in the original Complaint on behalf of First Contact.

e.  Exhibit G is a demonstrative chart titled "AudioEye, Inc. (AEYE) – Post-SEC Retaliation and Escalation Timeline." It was prepared at my direction as an illustrative summary of the allegations and record in this action. The stock-price line reflects AudioEye's daily closing prices as reported by Yahoo Finance. The events, dates, and dollar amounts shown are drawn from the Complaint, the sworn declarations and exhibits incorporated at ECF No. 3, and the Company's public SEC filings, including the selling stockholders' Forms 4 and the December 4, 2024 prospectus supplement (Form 424(b)(7)). Exhibit G is offered only as a demonstrative aid. It organizes and summarizes those materials. It is not independent evidence.

5.      The proposed Amended Complaint incorporates by reference the nineteen sworn declarations and documentary exhibits filed with the Complaint at ECF No. 3. Those materials corroborate the conduct alleged and were placed before the Court so that the well-pleaded facts do not depend on the continued availability, cooperation, or safety of any single witness. The declarations and consents attached as Exhibits C through F bear on the standing and adequacy of the derivative plaintiffs and on the Rule 23.1(c) dismissal. They do not offer evidence on the merits of the pending motion to dismiss. The demands of Daniel Kovacs and Russell G. Alesi under 8 Del. C. §§ 219 and 220, attached as Exhibits C and D, were supplied to AudioEye's counsel on June 11, 2026, contemporaneously with the filing of this motion to amend.

## IV.    THE PENDING MOTIONS

6.      Plaintiffs filed the original Complaint on December 12, 2025. ECF No. 1. Defendants moved to dismiss on February 27, 2026. ECF Nos. 22, 25, 32. Plaintiffs opposed on April 6, 2026. ECF Nos. 41, 42. Defendants replied on April 23, 2026. ECF Nos. 50–52. The motion to dismiss is sub judice.

7. On April 13, 2026, Defendants moved for sanctions under Rule 11. ECF No. 45. Plaintiffs opposed on April 27, 2026. ECF No. 53. Defendants replied on May 8, 2026. ECF No. 56. The Rule 11 motion is sub judice.

8. On May 11, 2026, Plaintiffs moved for leave to place before the Court the final transcripts of the April 2026 depositions taken in the Florida action, and for limited supplemental briefing on their effect on the pending motion to dismiss. ECF No. 57.

9. On May 26, 2026, Plaintiffs moved to compel AudioEye to retain unconflicted counsel. ECF Nos. 62–64. I submitted a declaration in support of that motion at ECF No. 64. AudioEye and Mr. Moradi are represented by the same counsel, even though AudioEye's interest is to recover the insider-sale proceeds and Mr. Moradi's interest is to retain them. The Court has deferred that motion until after resolution of the motion to dismiss. The proposed amendment protects the corporate claim without requiring the Court to decide that motion now. It narrows the claims, separates David Kovacs's individual settlement posture from AudioEye's derivative recovery, and places the derivative claim in the hands of Daniel Kovacs and Russell G. Alesi.

## V. THE AMENDMENT ADDRESSES THE CENTRAL PREMISE OF THE RULE 11 MOTION

10. The central contention of the sanctions motion is that this action is a personal vendetta by David Kovacs.

11. The proposed amendment addresses that contention directly. The Amended Complaint is brought on AudioEye's behalf by two shareholders who have no individual damages claim against any Defendant and no personal damages stake in the corporate recovery: Daniel Kovacs and Russell G. Alesi. Daniel Kovacs's ownership is documented by his own brokerage records. He has continuously owned AudioEye stock since December 11, 2023, a

period that spans each of the November and December 2024 transactions at issue. See Exhibit C. The amendment narrows the action to AudioEye's corporate-recovery claim and the federal claims. It does not carry forward the individually held employment, equity, and tort theories that were the focus of the sanctions motion. An action prosecuted for the Company by shareholders with no individual damages claim, on a corporate claim documented in the public record, is not the personal vendetta the motion describes.

12. The amendment also narrows the issues raised by the sanctions motion. Once filed, the Amended Complaint supersedes the pleading at which the Rule 11 motion is directed. To the extent Defendants press sanctions against the operative pleading, any renewed motion would proceed against the narrowed claims and would require a fresh safe-harbor period under Rule 11(c)(2). Plaintiffs do not contend that amendment alone extinguishes any sanctions request. Plaintiffs contend that the operative pleading and the narrowed claims are the relevant frame.

## VI.    THE AMENDMENT RESOLVES THE STANDING DISPUTE RAISED ON THE MOTION TO DISMISS

13. The amendment removes the principal standing dispute on the derivative claims. In the original Complaint, those claims rested on the shareholder standing of David Kovacs. That was Plaintiffs' primary standing argument, and Defendants sharply disputed it on the motion to dismiss. The proposed Amended Complaint adds Daniel Kovacs as the derivative plaintiff. His ownership of AudioEye common stock is documented by his own brokerage records. He has owned AudioEye stock continuously from December 11, 2023 through the present, a period that spans the November 12–14 and December 4, 2024 transactions at issue. See Exhibit C. Because the derivative claims are now prosecuted by a shareholder with documented and continuous ownership, they no longer depend on David Kovacs's contested

shareholder status. Plaintiffs preserve David Kovacs's shareholder status, but do not rely on it for the derivative claims. The Court need not resolve that issue to reach those claims.

### VII.    THE FLORIDA TESTIMONY AND THE REASON FOR THE AMENDMENT

14.    Plaintiffs previously moved for leave to place before the Court the final transcripts of the depositions of David Moradi, taken April 21, 2026, Kelly Georgevich, taken April 22, 2026, and David Kovacs, taken April 28, 2026, in the Florida action. Plaintiffs also sought limited supplemental briefing on the effect of those transcripts on the pending motion to dismiss. ECF No. 57. Plaintiffs have not filed those transcripts on this docket. See ECF Nos. 57, 58–59, 60–61.

15.    Based on the Court's comments at the June 1, 2026 conference, Plaintiffs recognize that the April 2026 depositions are testimony, not pleadings. Such testimony is not properly considered on a Rule 12 motion directed to the sufficiency of the pleadings. Plaintiffs therefore move to amend. The amendment allows facts developed through discovery in the Florida action to be pleaded in the operative complaint, where they are properly considered, rather than presented as extrinsic evidence on the pending motion.

16.    The April 2026 depositions also sharpened my assessment of this case. I prepared and submitted questions for the depositions of Moradi and Georgevich and reviewed their sworn answers. That testimony confirmed core facts supporting AudioEye's derivative corporate-opportunity claim. It persuaded me that the corporate-opportunity claim is the most focused claim for recovering the insider-sale proceeds for AudioEye. For that reason, the Amended Complaint reorients the case around the claims that can most directly be brought on the Company's behalf, with the derivative corporate-opportunity claim at its center. This narrowing is not a retraction of the factual allegations concerning trading, market manipulation, or insider

6

misconduct; those facts remain pleaded where relevant to control, motive, demand futility, retaliation, and the RICO enterprise.

## VIII.  CONCLUSION

17.     For these reasons, and for the reasons set out in the accompanying memorandum of law, Plaintiffs respectfully request that the Court grant leave to file the proposed Amended Complaint. To the extent Rule 23.1(c) applies, Plaintiffs request approval of the dismissal without prejudice of the omitted derivative claims and dispensation of notice. In the alternative, Plaintiffs request permission for Daniel Kovacs to intervene as a plaintiff.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed in New York, New York on June 11, 2026.

_____

John H. Snyder

7