UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANIEL KOVACS, derivatively on behalf of AUDIOEYE, INC.; RUSSELL G. ALESI, derivatively on behalf of AUDIOEYE, INC.; and DAVID KOVACS, individually, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID MORADI; SERO CAPITAL LLC; DR. CARR BETTIS; CSB IV US HOLDINGS LLC; JAMIL TAHIR; TURNMARK PARTNERS L.P.; KELLY GEORGEVICH; and JASON HUMBLE, <br><br> Defendants, <br><br> and <br><br> AUDIOEYE, INC., <br><br> Defendant and Nominal Defendant. | Case No. 25-CV-10336 (JPO) <br><br> DECLARATION OF DANIEL KOVACS |

I, Daniel Kovacs, declare under penalty of perjury:

1.      I am a stockholder of AudioEye, Inc. I submit this declaration in connection with the proposed amended complaint in this action and to verify the complaint for purposes of Federal Rule of Civil Procedure 23.1.

2.      I first invested in AudioEye in or about 2014. I have followed the Company for many years as an investor. I still like AudioEye as a company and would like to see it do well.

3.      I have provided counsel with Merrill account statements and cost-basis records reflecting my ownership of AudioEye stock. The shares are held in an account I own jointly with my wife, and I beneficially own them. Those records show that I purchased 380 shares of AudioEye in December 2023, and that I continued to hold at least 200 shares from that position through May 2026. The May 2026 Merrill cost-basis record shows that those 200 shares were

1

acquired on December 11, 2023. I have continuously held at least 200 shares of AudioEye since December 11, 2023 – including on November 12–14 and December 4, 2024, the dates of the challenged transactions – and I continue to hold at least 200 of those shares as of the date of this declaration.

4.      I have also provided counsel with screenshots from other accounts I control showing additional AudioEye positions acquired in May 2024 and April 2025. Those purchases were made while I was generally aware that my brother, David Kovacs, had a dispute with AudioEye. That dispute did not control my investment decisions. I bought and held AudioEye shares because I was an AudioEye investor and believed in the Company's potential.

5.      I am disappointed in AudioEye's management and in the Company's stock performance. I believe AudioEye has potential, but that its stockholders have been harmed by management's conduct.

6.      For several years, I have periodically followed public discussion about AudioEye, including investor discussion on Stocktwits. I did so because I was an AudioEye investor and wanted to understand how other investors viewed the Company.

7.      I am generally aware that my brother, David Kovacs, has a dispute with AudioEye and certain individuals associated with the Company. Before agreeing to serve as a derivative plaintiff, I had only a general awareness of that dispute and had not been following the docket, reviewing pleadings, or directing litigation strategy.

8.      I am not bringing this case to advance any personal claim of my brother or to obtain any personal benefit separate from the benefit that would flow to AudioEye and its stockholders if the Company recovers on the claims. As an investor in AudioEye since 2014 and current shareholder, I would like to see the Company reach its potential.

9.      When it came to my attention that AudioEye fiduciaries may have diverted corporate opportunities or corporate value to themselves, and that nobody appeared to be speaking for the shareholders, I agreed to take on the burden of serving as a stockholder plaintiff to protect AudioEye and its stockholders. I want any claim belonging to AudioEye to be evaluated and pursued for the benefit of the Company, not compromised or abandoned for the benefit of insiders.

10.     I understand that a derivative plaintiff acts on behalf of the Company and similarly situated stockholders. I am willing to act in that capacity. I am willing to review pleadings, stay informed, communicate with counsel, and consider the interests of AudioEye and its stockholders. I understand that my responsibility as a derivative plaintiff is to AudioEye and its stockholders, not to my brother, and I will make decisions in that capacity based on what I believe is best for AudioEye and its stockholders.

11.     I have not assigned my claim to anyone. Other than my written engagement agreement with counsel, I have no agreement, arrangement, or understanding with my brother, counsel, or anyone else concerning this litigation that gives me any personal benefit, requires me to act for my brother's benefit, or requires me to act other than in the interests of AudioEye and its stockholders. I have not been promised any personal payment, benefit, or consideration for serving as a plaintiff.

12.     This action is not collusive. It is not brought for the purpose of conferring jurisdiction on this Court. It is brought because I believe AudioEye and its stockholders have been harmed and because the Company should have an independent and conflict-free opportunity to recover for that harm.

3

13.     I believe I can fairly and adequately represent the interests of AudioEye and similarly situated AudioEye stockholders. If other AudioEye stockholders wish to join in seeking recovery for the Company, I would welcome their involvement. I understand another stockholder, Russell Alesi, has made a books-and-records and stockholder-list demand on the Company. I understand that one purpose of that demand is to obtain stockholder-list materials so that stockholders may communicate with one another in advance of the Annual Meeting on June 22, 2026. I support Mr. Alesi's efforts in that regard.

14.     I have reviewed the proposed amended complaint. To the extent the complaint states facts within my personal knowledge, I believe those facts are true. To the extent the complaint states facts based on documents, public filings, testimony, investigation, or information provided by counsel, I believe those facts to be true based on that information and investigation.

15.     I verify the proposed amended complaint for purposes of Federal Rule of Civil Procedure 23.1.

16.     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2026.

DocuSigned by:

E2BDA43D8FC747F...

DANIEL KOVACS

# EXHIBIT 1

Demand for Inspection of Books and Records

and Stockholder List Pursuant to 8 Del. C. Sections 219 and 220

Declaration of Daniel Kovacs

June 7, 2026

**DEMAND FOR INSPECTION OF BOOKS AND RECORDS
AND STOCKHOLDER LIST PURSUANT TO 8 DEL. C. §§ 219 AND 220**

**DECLARATION OF DANIEL KOVACS
(UNDER PENALTY OF PERJURY)**

June 7, 2026

**To:**

AudioEye, Inc.
Attention: Corporate Secretary
5210 E. Williams Circle, Suite 750
Tucson, Arizona 85711

I, Daniel Kovacs, declare as follows:

1.   **Capacity.** I am a beneficial owner of common stock of AudioEye, Inc., a Delaware corporation ("AudioEye" or the "Company"). I make this demand and declaration in my capacity as a stockholder of the Company.

2.   **Ownership.** I beneficially own, and have continuously beneficially owned, no fewer than 200 shares of AudioEye common stock since December 11, 2023, through the date of this demand. My core position is held in a Merrill brokerage account that I own jointly with my wife and beneficially own. I hold additional AudioEye shares, acquired in May 2024 and April 2025, in other accounts that I control, including a Fidelity Roth IRA and a Fidelity BrokerageLink account. I first invested in AudioEye in or about 2014.

3.   **Documentary evidence of beneficial ownership.** Attached as Exhibit A are true and correct copies of brokerage account statements and cost-basis records constituting documentary evidence of my beneficial ownership of AudioEye common stock. I declare that each attached document is a true and correct copy of the original it purports to be. This documentary evidence accompanies my demand as a beneficial owner pursuant to 8 Del. C. § 220(b).

4.   **Demand.** This is a demand to inspect and copy the books and records and the stockholder list of the Company under 8 Del. C. §§ 219 and 220. I make this demand in good faith and for the proper purposes stated below. I have described my purposes, and the records I seek, with reasonable particularity, and each category of records I seek is specifically related to my stated purposes.

5.   **Proper purposes.** My purposes for this demand are the following, each reasonably related to my interest as a stockholder:

     (a)   To investigate possible breaches of fiduciary duty, mismanagement, corporate waste, usurpation of corporate opportunity, and unjust enrichment by the

1

Company's controlling insiders and directors in connection with the sale of approximately $34 million of AudioEye common stock by insiders in November and December 2024 through the Company's effective shelf registration – at a time when the Company needed capital and without any disinterested decision-maker determining whether that financing opportunity belonged to the Company – and to evaluate, preserve, and pursue any claim belonging to AudioEye arising from that conduct;

(b)     To assess the independence and disinterestedness of the members of the Board of Directors, including for purposes of evaluating director independence and demand futility, and to evaluate how the Company and its Board are addressing the derivative claims asserted on the Company's behalf in Kovacs v. Moradi, No. 25-CV-10336 (S.D.N.Y.);

(c)     To communicate with my fellow AudioEye stockholders concerning the foregoing matters, the election of directors, and other business to come before the Company's annual meeting of stockholders scheduled for June 22, 2026, for which purpose I seek the stockholder list and related materials under 8 Del. C. §§ 219 and 220; and

(d)     To determine the value of my shares and to assess the quality of management's stewardship of the Company.

6.   **Books, records, and stockholder list demanded.** Specifically related to the purposes stated above, I demand to inspect and copy the following, for the period January 1, 2024 to the present unless otherwise stated:

**Stockholder list materials (8 Del. C. §§ 219, 220):**

(i)     A complete list of the Company's stockholders entitled to notice of and to vote at the June 22, 2026 annual meeting, certified by the Company or its transfer agent and provided in electronic form, showing each holder's name, address, and number of shares held;

(ii)    The Company's stock ledger and any list of record holders;

(iii)   A securities-position listing from The Depository Trust Company (a "Cede breakdown") and any non-objecting beneficial owner (NOBO) list in the Company's possession or obtainable by it; and

(iv)    Transfer-agent records identifying the Company's registered holders and the most recent daily transfer sheets.

**Books and records (8 Del. C. § 220(a)(1)):**

(v)     The Company's certificate of incorporation and bylaws, each as currently in effect and as amended during the period;

2

(vi)    Minutes of all meetings of the Board of Directors and its committees, records of all actions taken by written consent, and the materials provided to the Board or any committee in connection with such meetings or actions, in each case relating to: the Company's shelf registration statement and any use or non-use of it during 2024; the sales of AudioEye common stock by or through David Moradi or Sero Capital LLC, Dr. Carr Bettis or CSB IV US Holdings LLC, Jamil Tahir or TurnMark Partners L.P., and Kelly Georgevich, in November and December 2024; any consideration of a capital raise or financing by the Company during 2024; any Rule 10b5-1 trading plan adopted, amended, or terminated by any director or officer; and the Company's receipt of and response to reports of suspected securities-law violations or other misconduct, including reports made by David Kovacs;

(vii)   Director and officer independence questionnaires for the Company's directors and director-nominees for the period;

(viii)  All communications in writing to stockholders generally within the three years preceding this demand;

(ix)    The Company's annual financial statements for the three most recently completed fiscal years; and

(x)     Minutes of all meetings of stockholders, and records of all stockholder actions by written consent, for the three years preceding this demand.

7.  **Scope and reservation.** The categories above are drawn principally from the books and records enumerated in 8 Del. C. § 220(a)(1). To the extent any category extends beyond those enumerated records, I demand it on the ground that it is necessary and essential to my stated purposes, and I reserve the right to seek additional specific records, including individual trading records and electronic communications, upon a showing of compelling need.

8.  **Coordination with the Alesi demand.** I am aware that Russell G. Alesi, another AudioEye stockholder represented by the same counsel, has made a demand on the Company dated and executed June 4, 2026, under 8 Del. C. §§ 219 and 220 and for corrective proxy disclosure concerning the same subject matter addressed in this demand (the "Alesi Demand").

I join in the purposes and requests set forth in the Alesi Demand. I do not make the personal factual representations made by Mr. Alesi concerning his own stock ownership or circumstances. My own ownership, status, purposes, and verification are set forth in this demand and the verification below.

Because the Alesi Demand and this demand concern the same matters, seek substantially overlapping materials, and are made through common counsel, I request that the Company treat the two demands together and produce responsive materials to our common counsel.

3

9.    **Authorized agent.** I designate John H. Snyder, Esq. and John H. Snyder PLLC as my agent and attorney, with full authority under 8 Del. C. § 220(b) to conduct the inspection, to receive and review the materials, to make copies and extracts, and to act on my behalf in connection with this demand. The Company should direct all communications concerning this demand to John H. Snyder, Esq., John H. Snyder PLLC, 157 East 81st Street, Suite 3A, New York, NY 10028; john@jhs.nyc.

10.    **Time, place, and manner.** I request that the Company make the stockholder list materials available promptly, and the remaining records available for inspection during normal business hours at the offices of my counsel or at such other place as the parties agree, or, at the Company's election, that the Company produce true and complete copies in electronic form. I am willing to bear the reasonable costs of reproduction as provided by law and to enter into a reasonable confidentiality agreement governing any nonpublic records, provided it does not impair the proper purposes stated above. I note that 8 Del. C. § 220(c) permits a stockholder to seek judicial enforcement if the Company does not reply within five business days after this demand is made.

11.    **Declaration under penalty of perjury.** I declare under penalty of perjury under the laws of the State of Delaware and the United States of America that the foregoing is true and correct, including the statements concerning my beneficial ownership of AudioEye common stock and the authenticity of the documentary evidence attached as Exhibit A.

Executed on June 7, 2026, at Wellington, Florida.

**Daniel Kovacs**
10301 Medicis Place
Wellington, FL 33449
daniel@kovacstech.com
(561) 777-6070

4

# EXHIBIT A TO EXHIBIT 1

Redacted Documentary Evidence of Beneficial Ownership

Daniel Kovacs



MR DANIEL KOVACS AND

Account Number: ███████

## YOUR CMA EQUITY COST BASIS

December 01, 2023 - December 29, 2023

| EQUITIES Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Annual Income |
|---|---|---|---|---|---|---|---|---|---|
| AUDIOEYE INC | AEYE | 12/11/23 | 380.0000 | 4.1500 | 1,577.00 | 5.4200 | 2,059.60 | 482.60 | |

+

013

*CB Page
1 of 1*



MR DANIEL KOVACS AND

Account Number:

## *YOUR CMA EQUITY COST BASIS*

May 01, 2026 - May 29, 2026

| **EQUITIES** Description | Symbol | Acquired | Quantity | Unit Cost Basis | Total Cost Basis | Estimated Market Price | Estimated Market Value | Unrealized Gain/(Loss) | Estimated Annual Income |
|---|---|---|---|---|---|---|---|---|---|
| AUDIOEYE INC | AEYE | 12/11/23 | 200.0000 | 4.1500 | 830.00 | 7.6800 | **1,536.00** | 706.00 | |

+

022