**quinn emanuel** trial lawyers | new york, ny

295 Fifth Avenue, New York, NY 10016 | TEL (202) 849-7000

WRITER'S DIRECT DIAL NO.
**(212) 849-7000**

WRITER'S EMAIL ADDRESS
**adamabensohn@quinnemanuel.com**

June 15, 2026

**VIA ECF**

Hon. J. Paul Oetken
United States District Court, Southern District of New York
40 Foley Square, Courtroom 706
New York, NY 10007

Re:     *David Kovacs et al v. David Moradi et al*, No. 25-CV-10336 (S.D.N.Y.),
        *Defendants' Letter-Motion to Summarily Dismiss Plaintiffs' Improperly Filed Motion to Amend*

Dear Judge Oetken:

I am writing on behalf of Defendants in response to Plaintiffs' Motion for Leave to File Amended Complaint and Related Relief (the "Motion to Amend"), filed last Thursday, Dkt. 70, and to address more broadly the ongoing improper and harassing conduct by Plaintiffs' counsel.

Plaintiffs' counsel, Mr. Snyder, filed the Motion to Amend after Your Honor expressly denied him permission to do so during the Court conference on June 1, 2026. Tr. of Conference at 16:22-17:7 (denying Mr. Snyder's request for permission "to make an application [] to file an amended complaint"); *id.* at 17:22-18:5 (denying, again, Mr. Snyder's request for "leave to file an amended complaint," unless and until the Court determines, upon its review of the papers that had already been filed, "that there is good cause for it"). Also, despite Your Honor's decision at the same conference to adjourn consideration of Mr. Snyder's Motion for Disqualification under Rule 23.1, Tr. of Conference at 11:20-23, in which he argues (without merit) that undersigned counsel is conflicted from representing AudioEye and Mr. Moradi, Dkts. 62-63[1], Mr. Snyder has separately sent defense counsel correspondence asserting the same purported conflict again and threatening

---

[1]     *See* Dkt. 65 at 2 (May 27, 2026) (letter by Defendants citing authority holding that the same counsel may properly represent a company and its officers during the pendency of a motion to dismiss).

1

yet another iteration of the same disqualification motion the Court has already adjourned.[2]  In short, Mr. Snyder is defying the Court's clear directives, pressing issues the Court is holding in abeyance, and continuing to impose extraordinary and unreasonable costs on Defendants in defending and responding to his frivolous claims and improper motions.

Defendants respectfully request that the Court summarily deny the Motion to Amend, which, again, Mr. Snyder filed without the Court's permission and against its clear directive. Defendants further request that the Court take into consideration Mr. Snyder's latest improper filing as additional grounds in support of Defendants' pending Motion for Rule 11 Sanctions.  Dkt. 45 (April 13, 2026).  It is even more clear than before that, absent sanctions, Mr. Snyder will continue to abuse the Court process and saddle Defendants with unreasonable and mounting burdens and costs.  And, finally, in the event the Court is not prepared to summarily deny the Motion to Amend, Defendants respectfully request that the Court follow the same protocol it implemented in response to Plaintiffs' last motion—namely, that the due date for Defendants' responsive briefing be adjourned until after the Court decides the pending Motion to Dismiss, Dkt. 22 (Feb. 27, 2026), since, if that motion is resolved in Defendants' favor, it will moot the newly filed Motion to Amend.  That is because, as Defendants demonstrate in their briefing in support of the Motion to Dismiss, Plaintiff's current complaint (his third asserting the same claims against the same Defendants) should be dismissed with prejudice and without leave to amend.  *See* Dkt. 23 at 40-41 (Feb. 27, 2026); Dkt. 50 at 12-13 (April 23, 2026).

Respectfully Submitted,

 */s/ Adam Abensohn*

Adam Abensohn

---

[2]  Mr. Snyder sent five (5) additional letters to defense counsel last Thursday and Friday, with an array of demands, which further exacerbate the same burdens discussed above.