

# DORF NELSON & ZAUDERER LLP

90 Park Avenue, 26th Floor, New York, New York 10016

Telephone: 212.485.0005 · www.dorflaw.com · Facsimile: 212.922.9072

Direct Dial: 212-412-9548 · Email: gshehigian@dorflaw.com

June 15, 2026

**VIA ECF**
Hon. J. Paul Oetken
United States District Court
Southern District of New York
40 Foley Square, Room 706
New York, New York 10007

> Re:   ***Kovacs, et al. v. Moradi, et al.*,**
> **Case No. 25-cv-10336 (JPO)**

Dear Judge Oetken:

We write on behalf of defendant Jason Humble in opposition to plaintiffs' newest motion for leave to amend their complaint (Dkt. 70).  So as to not burden the Court, Mr. Humble adopts, incorporates and joins in the arguments made by defendants David Moradi and AudioEye, Inc. as to why plaintiffs' motion should be denied, or at least held in abeyance. (*See* Dkt. 73).  Mr. Humble writes separately to raise one additional point for the Court's consideration:  plaintiffs' motion contains an improper sur-reply directed at Mr. Humble's pending motion to dismiss, in direct contravention of this Court's ruling at the June 1, 2026 conference.

At the June 1, 2026 conference, plaintiffs' counsel expressly requested leave to file a sur-reply in connection with the pending motions to dismiss.  This Court denied that request.  *See* June 1, 2026 Conf. Tr. 17:5-7 ("I'm not going to grant leave to file a surreply or any additional amended complaint unless I find that there is a basis for it."); 18:2-5 ("Those requests are denied as untimely, unless I find that there is good cause for it as I go through the papers.").  No such good cause was found, and no sur-reply was authorized.

However, plaintiffs' motion demonstrates that either they or their counsel cannot take no for an answer.  Not only have they sought leave to amend their complaint despite being told no by the Court, but they have also submitted improper sur-reply arguments despite being told no by the Court.  At pages 11-13 of their memorandum of law (Dkt. 71), plaintiffs assert arguments that are devoted not to explaining why leave to amend is warranted under Federal Rules of Civil Procedure 15(a)(2) or 21, but rather to re-arguing why they believe the general release that Mr. Kovacs provided to Mr. Humble does not bar their RICO claim.  The arguments that plaintiffs assert are wrong for the reasons set forth in Mr. Humble's reply brief (Dkt. 51), but in any event, they are substantive merits arguments that were already made or available to plaintiffs when they filed their untimely opposition to Mr. Humble's motion to dismiss on April 6, 2026.  Their arguments are not

Hon. J. Paul Oetken
June 15, 2026
Page 2

the proper subject of a motion for leave to amend, and their inclusion constitutes precisely the type of sur-reply that this Court declined to permit.

Allowing plaintiffs to advance these arguments under the guise of a motion to amend would effectively nullify the Court's ruling at the June 1, 2026 conference and reward plaintiffs for circumventing the Court's procedures -- procedures that, as reflected in the letter filed by defendants AudioEye and Mr. Moradi (Dkt. 73), have been consistently abused by plaintiffs and their counsel.

Accordingly, Mr. Humble respectfully requests that plaintiffs' motion for leave to amend the Complaint be denied, or that at a minimum, the due date for defendants' responsive briefing be adjourned until after the Court decides the pending motions to dismiss. We thank the Court for its attention to this matter.

Respectfully,

*/s/ Grant A. Shehigian*

Grant A. Shehigian

cc:     Counsel of Record (via ECF)